ORIGINAL

FILED

MAR 1 6 1992

ROBERT W. SUMMAR, CLERK

IN THE TENNESSEE COURT OF CRIMINAL APPEALS 3 - /4 -92
AT KNOXVILLE

| | | |
|---|---|---|
| HAROLD WAYNE NICHOLS | ) | |
| | ) | 03C01-9108-CR-00236 |
| Appellant, | ) | |
| | ) | HAMILTON CRIMINAL NOS. |
| vs. | ) | 175423, 175425, 180535, |
| | ) | 180536, 180537, 175495, |
| STATE OF TENNESSEE | ) | 175497, 175438, 175440, |
| | ) | 175492, 178087, 175433, |
| Appellee. | ) | 175442, 175490 |

ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE
HAMILTON COUNTY CRIMINAL COURT

----

### BRIEF OF THE APPELLANT

----

HUGH J. MOORE, JR.
ROSEMARIE L. BRYAN
ARNOLD C. MOORE, JR.

COURT-APPOINTED COUNSEL
  FOR DEFENDANT
1100 AMERICAN NATL. BANK BLDG.
CHATTANOOGA, TN 37402
(615) 265-8881

ORAL ARGUMENT REQUESTED

IN THE TENNESSEE COURT OF CRIMINAL APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| HAROLD WAYNE NICHOLS | ) | |
| | ) | 03C01-9108-CR-00236 |
| Appellant, | ) | |
| | ) | HAMILTON CRIMINAL NOS. |
| vs. | ) | 175423, 175425, 180535, |
| | ) | 180536, 180537, 175495, |
| STATE OF TENNESSEE | ) | 175497, 175438, 175440, |
| | ) | 175492, 178087, 175433, |
| Appellee. | ) | 175442, 175490 |

ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE
HAMILTON COUNTY CRIMINAL COURT

---

### BRIEF OF THE APPELLANT

---

HUGH J. MOORE, JR.
ROSEMARIE L. BRYAN
ARNOLD C. MOORE, JR.

COURT-APPOINTED COUNSEL
 FOR DEFENDANT
1100 AMERICAN NATL. BANK BLDG.
CHATTANOOGA, TN 37402
(615) 265-8881

ORAL ARGUMENT REQUESTED

# I.   <u>TABLE OF CONTENTS</u>

I. Table of Contents . . . . . . . . . . . . . . . . . . i

II. Table of Authorities . . . . . . . . . . . . . . . v

III. Statement of Issues . . . . . . . . . . . . . . . ix

IV. Statement of the Cases and Statement of Facts . . . xi

    A.   General Procedural Consideration   . . . . . . xi

    B.   Background of Karen Pulley Cases   . . . . . xiv

    C.   Background of Susan Tate Cases . . . . . . . . xv

    D.   Background of Tammy Roszell Cases   . . . . . xvi

    E.   Background of Patricia Ann Roach Cases  . . . xvii

    F.   Background of Patricia Ann Gore Cases  . . xviii

V. Arguments   . . . . . . . . . . . . . . . . . . . . 1

    A.   THE TRIAL COURT ERRED BY GRANTING MR.
        NICHOLS' MOTIONS FOR A CHANGE OF VENUE,
        ORDERING THE CASES TRANSFERRED FROM
        HAMILTON COUNTY TO ANOTHER COUNTY FOR
        SELECTION OF A JURY, BUT THEN TRANSFERRING
        THE CASES BACK TO HAMILTON COUNTY FOR
        TRIAL, THEREBY PUTTING MR. NICHOLS TO
        TRIAL IN TWO JUDICIAL DISTRICTS, OVER HIS
        STRONG OBJECTION   . . . . . . . . . . . . . . 1

    B.   THE COURT ERRED BECAUSE IT REFUSED TO
        CONTINUE THE TRIAL DATE ON THESE CASES
        WHEN, ON THE MORNING OF TRIAL, MR. NICHOLS
        WAS REINDICTED ON ALL THREE OF THE CHARGES
        AGAINST HIM, AND IT THEN REFUSED TO ALLOW
        MR. NICHOLS TO SHOW THE ORIGINAL
        INDICTMENTS TO THE JURY TO PROVE THERE
        WERE THREE DIFFERENT DATES AT QUESTION IN
        THESE CASES   . . . . . . . . . . . . . . . . . . 5

C11I18NA.432

C.  THE COURT ERRED AT THE SENTENCING HEARING
    OF THESE CASES BY: (A) ALLOWING AN ILLEGAL
    PRESENTENCE REPORT TO BE ENTERED INTO THE
    RECORD AND THEN REFUSING TO CONSIDER THE
    REPORT IN SENTENCING AS REQUIRED BY LAW;
    (B) REVIEWING HIGHLY PREJUDICIAL VICTIM
    IMPACT STATEMENTS THAT WERE FORBIDDEN FROM
    CONSIDERATION; (C) REFUSING TO CONSIDER
    THE MITIGATING FACTORS PUT FORTH BY MR.
    NICHOLS; (D) ALLOWING THE PROSECUTION TO
    SEEK ENHANCED PUNISHMENT WITHOUT THE
    REQUISITE NOTICE TO MR. NICHOLS . . . . . . .  9

    1.  The trial court erred at the sentencing
        hearing of these cases by allowing an
        illegal presentence report to be entered
        into the record and then refusing to
        consider the report in sentencing as
        required by law  . . . . . . . . . . . . . 10

    2.  The court erred in the sentencing hearing
        of these cases by reviewing highly
        prejudicial victim impact statements that
        were forbidden from consideration . . . . 12

    3.  The court erred at the sentencing hearing
        of these cases by refusing to consider
        the mitigating factors put forth by
        Mr. Nichols . . . . . . . . . . . . . . . 13

    4.  The trial court erred at the sentencing
        hearing of these cases by allowing the
        prosecution to seek enhanced punishment
        without the requisite notice to Mr.
        Nichols . . . . . . . . . . . . . . . . . 13

D.  THE TRIAL COURT ERRED IN REFUSING TO
    SENTENCE MR. NICHOLS IN THE ORDER HIS
    CASES WERE TRIED, AFTER IT HAD, OVER MR.
    NICHOLS' OBJECTION, SCHEDULED HIS TRIALS
    OUT OF CHRONOLOGICAL ORDER AT THE
    PROSECUTOR'S DEMAND IN ORDER TO PROVIDE
    THE STATE WITH THE EVIDENCE OF AN
    ADDITIONAL AGGRAVATING CIRCUMSTANCE FOR
    THE DEATH PENALTY TRIAL . . . . . . . . . . . 16

E.  THE COURT ERRED WHEN IT REFUSED TO DISMISS
    THE CASES AGAINST THE DEFENDANT BASED UPON
    THE COMPOSITION OF THE HAMILTON COUNTY
    GRAND JURY . . . . . . . . . . . . . . . . . 19

C11I18NA.432

1. The 1931 Tennessee Legislature Act, the Hamilton County Board of Jury Commissioners Act of 1931 (1931 Private Acts, Chapter 564, as amended), is not supported by any rational basis in fact, and is, therefore, an unconstitutional special act . . . . . . 19

2. The Hamilton County Jury Commission improperly excluded large classes and categories of citizens from jury service in Hamilton County and allowed an unsworn assistant to select names for the master juror list . . . . . . . . . . . . . 21

3. The selection of grand jurors and prospective jurors pursuant to the Board of Jury Commissions Act of 1931 has been conducted in such a manner as to produce an unrepresentative sample which is not a fair cross-section of Hamilton County residents . . . . . . . . . . . 25

F.  THE COURT ERRED WHEN IT REFUSED TO ALLOW MR. NICHOLS TO WITHDRAW THE GUILTY PLEAS IN THE TATE CASES, WHEN EVIDENCE WAS WITHHELD FROM HIM PRIOR TO THOSE PLEAS AND SURFACED ONLY AFTER THE PLEAS WERE ENTERED . . . . . . . . . . . . . . . . . 29

G.  THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE THE VIDEOTAPED CONFESSION MADE BY MR. NICHOLS, BOTH BECAUSE THE CONFESSION WAS TAKEN AFTER HE WAS REFUSED COUNSEL AND UNDER COERCIVE CIRCUMSTANCES . . . 33

H.  THE COURT ERRED IN NOT REDACTING PORTIONS OF THE VIDEOTAPED STATEMENT BY MR. NICHOLS . . . . . . . . . . . . . . . . . 36

I.  THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW MR. NICHOLS' REQUEST FOR A CONTINUANCE AFTER IT WAS DISCOVERED THAT CERTAIN EVIDENCE HAD EITHER BEEN LOST OR WITHHELD FROM HIM . . . . . . . . . . . . . 38

C11I18NA.432

J.    THE EVIDENCE WAS INSUFFICIENT TO CONVICT
MR. NICHOLS IN THESE CASES AND JUDGMENTS
OF ACQUITTAL ON SAME SHOULD HAVE BEEN
GRANTED . . . . . . . . . . . . . . . . . 42

K.    THE COURT ERRED IN REFUSING TO DISMISS TWO
OF THE CHARGES OF RAPE IN THESE CASES
BECAUSE BODILY INJURY HAD TO BE CAUSED BY
THE ACTS AS DESCRIBED IN THE INDICTMENTS,
AND SUCH PROOF WAS NOT OFFERED . . . . . . . 44

L.    THE COURT ERRED WHEN IT REFUSED TO DECLARE
A MISTRIAL AFTER THE DISTRICT ATTORNEY
GENERAL CALLED ANOTHER VICTIM TO THE STAND
RATHER THAN THE VICTIM IN THIS CASE . . . . . 46

M.    THE COURT ERRED WHEN IT REFUSED TO FORBID
THE FORMAL READING OF THE INDICTMENT . . . . . 47

N.    THE COURT ERRED IN NOT STRIKING THE PANEL
WHEN A JUROR DURING VOIR DIRE DECLARED
THAT SHE "WOULD JUST LIKE TO SEE HIM [MR.
NICHOLS] DISAPPEAR" . . . . . . . . . . . . 48

VI. Conclusion . . . . . . . . . . . . . . . . . . 49

VII. Exhibits

    Exhibit 1 (Tab 1) . . . . . . . . . . . . . . . xv

    Exhibit 2 (Tab 2) . . . . . . . . . . . . . . . xv

    Exhibit 3 (Tab 3) . . . . . . . . . . . . . . . 7

    Exhibit 4 (Tab 4) . . . . . . . . . . . . . . . 11

    Exhibit 5 (Tab 5) . . . . . . . . . . . . . . . 18

    Exhibit 6 (Tab 6) . . . . . . . . . . . . . . . 22

    Exhibit 7 (Tab 7) . . . . . . . . . . . . . . . 28

    Exhibit 8 (Tab 8) . . . . . . . . . . . . . . . 32

VIII. Certificate of Service . . . . . . . . . . . . . A-1

IX. Statutory Addendum . . . . . . . . . . . . . . . A-2

C11I18NA.432

# II.  **TABLE OF AUTHORITIES**

## CASES

Avery v. Georgia, 345 U.S. 559 (1953) . . . . . . . . 28

Ballew v. Georgia, 435 U.S. 223 (1978) . . . . . . . . 27

Brady v. Maryland, 373 U.S. 83 (1963) . . . . . . . . 41

Chadwick v. State, 201 Tenn. 57, 296 S.W.2d 857
  (1956) . . . . . . . . . . . . . . . . . . . . . . . . 1

Colorado v. Spring, 479 U.S. 564 (1987) . . . . . . . 35

Columbe v. Connecticut, 367 U.S. 568 (1961) . . . . . 35

Dukes v. State, 578 S.W.2d 659
  (Tenn. Crim. App. 1978) . . . . . . . . . . . . . . 6

Duren v. Missouri, 439 U.S. 357 (1979) . . . . . . . . 23, 24,
                                                       25, 29

Gomez v. United States, 490 U.S. 858, 109 S.Ct.
  2237 (1989) . . . . . . . . . . . . . . . . . . . . 24

Gray v. Mississippi, 481 U.S. 648 (1987) . . . . . . . 24

Hall v. State, 124 Tenn. 235, 137
  S.W. 500 (1910) . . . . . . . . . . . . . . . . . . 20

Hardin v. State, 355 S.W.2d 105 (1962) . . . . . . . . 42

Hood v. State, 216 S.W.2d 14 (1948) . . . . . . . . . 6

Johnson v. Mississippi, 486 U.S. 578, 108 S.Ct. 1981
  (1988) . . . . . . . . . . . . . . . . . . . . . . . 18

Knox Comm. Dev. Corp. v. Knox County, 665 S.W.2d 704
  (Tenn. 1984) . . . . . . . . . . . . . . . . . . . . 20 21

McLean v. State, 527 S.W.2d 76 (Tenn. 1975) . . . . . 46

Miranda v. Arizona, 384 U.S. 436 (1966) . . . . . . . 34, 35

Neal v. State, 334 S.W.2d 731 (Tenn. 1960) . . . . . 6

North Carolina v. Butler, 441 U.S. 369 (1979) . . . . 34

v

Rabinowitz v. United States, 366 F.2d 34
  (5th Cir. 1966) . . . . . . . . . . . . . . . . . . . 28

Rounds v. State, 106 S.W.2d 212 (Tenn. 1937) . . . . . 36, 37

Rutherford v. State, 409 S.W.2d 535 (Tenn. 1966) . . . 22, 24

Shockley v. State, 585 S.W.2d 645
  (Tenn. Crim. App. 1978) . . . . . . . . . . . . . . 47

State v. Adams, 788 S.W.2d 557 (Tenn. 1990) . . . . . 14

State v. Anderson, 645 S.W.2d 251 (Tenn. Cr. App. 1982) 31

State v. Boyd, Case Nos. 176380, 176404 (Criminal Court
  of Hamilton County, Aug. 24, 1989) . . . . . . . . . 22

State v. Boyd, CCA No. 1193 (Tenn. Crim. App.,
  Knoxville Feb. 4, 1992) . . . . . . . . . . . . . . 28

State v. Brown, 795 S.W.2d 689
  (Tenn. Crim. App. 1990) . . . . . . . . . . . . . . 6

State v. Buck, 670 S.W.2d 600 (Tenn. 1984) . . . . . 46

State v. Cadle, 634 S.W.2d 623
  (Tenn. Crim. App. 1982) . . . . . . . . . . . . . . 38, 41

State v. Caldwell, 671 S.W.2d 459 (Tenn. 1984),
cert. denied, 469 U.S. 873 (1984) . . . . . . . . . . 36, 38

State v. Scruggs, 589 S.W.2d 899 (Tenn. 1979) . . . . . 48

State v. Upchurch, 620 S.W.2d 540
  (Tenn. Crim. App. 1981) . . . . . . . . . . . . . . 2, 3, 4

Thiel v. Southern Pacific Co., 328 U.S. 217
  (1946) . . . . . . . . . . . . . . . . . . . . . . . 27

United States v. Brown, 557 F.2d 541
  (6th Cir. 1977) . . . . . . . . . . . . . . . . . . 35

## CONSTITUTIONAL PROVISIONS

U.S. Constitution, Amendment IV . . . . . . . . . . . 36

C11I18NA.432

U.S. Constitution, Amendment V . . . . . . . 5, 9, 13, 15,
                                             16, 19, 25,
                                             29, 33, 34,
                                             36, 38, 41,
                                             44, 47, 49

U.S. Constitution, Amendment VI . . . . . . 5, 9, 25, 28,
                                             29, 33, 36,
                                             38, 41, 44,
                                             45, 47, 48,
                                             49

U.S. Constitution, Amendment VIII . . . . . 5, 9, 13, 15,
                                             18, 19, 25,
                                             41, 44, 45,
                                             47, 48, 49

U.S. Constitution, Amendment XIV . . . . . . 5, 9, 13, 15,
                                             16, 19, 25,
                                             29, 33, 36,
                                             38, 41, 44,
                                             45, 47, 48,
                                             49

Tennessee Constitution, Art. I, Section 6 . . 5, 29, 38, 47

Tennessee Constitution, Art. I, Section 7 . . . . . . . . 36

Tennessee Constitution, Art. I, Section 8 . . 5, 9, 13, 15,
                                             16, 19, 25,
                                             29, 33, 36,
                                             38, 41, 44,
                                             45, 47, 48,
                                             49

Tennessee Constitution, Art. I, Section 9 . . 1, 5, 9, 25,
                                             29, 33, 36,
                                             41, 44, 45,
                                             47, 48, 49

Tennessee Constitution, Art. I, Section 10 . .

Tennessee Constitution, Art. I, Section 16 . . 5, 9, 13, 15,
                                             19, 25, 36,
                                             41, 44, 45,
                                             47, 48, 49

Tennessee Constitution, Art. XI, Section 8 . . 19, 20

C1I118NA.432

## Statutory Provisions

T.C.A. § 22-2-101 (1990) . . . . . . . . . . . . 20, 21, 26

T.C.A. § 39-2-603 (Michie Supp. 1988) . . . . . 42, 43, 45

T.C.A. § 39-2-604 (Michie Supp. 1988) . . . . . 42, 43, 45

T.C.A. § 40-14-105 (1990) . . . . . . . . . . . 6, 8, 9

T.C.A. § 40-35-101 (1990) . . . . . . . . . . . 10

T.C.A. § 40-35-103 (1990) . . . . . . . . . . . 10, 13

T.C.A. § 40-35-202 (1990) . . . . . . . . . . . 14, 15

T.C.A. § 40-35-205 (1990) . . . . . . . . . . . 10, 11, 12

T.C.A. § 40-35-207 (1990) . . . . . . . . . . . 11

T.C.A. § 40-35-208 (1990) . . . . . . . . . . . 12

T.C.A. § 40-35-401 (1990) . . . . . . . . . . . 10

## Rules

Tenn. R. Crim. Proc. 12.3 . . . . . . . . . . . 14, 15

Tenn. R. Crim. Proc. 16 . . . . . . . . . . . . 32, 38, 40

Tenn. R. Crim. Proc. 18 . . . . . . . . . . . . 1, 5

Tenn. R. Crim. Proc. 21 . . . . . . . . . . . . 1, 2, 4, 5

Tenn. R. Crim. Proc. 32 . . . . . . . . . . . . 31, 32

## Miscellaneous

1931 Tenn. Priv. Act., Ch. 564 . . . . . . . . . 19, 21, 23,
                                                   27, 29

N.C. Gen. Stat. § 15A-1221(b) Official Commentary
(Michie 1988) . . . . . . . . . . . . . . . . . . 47

1989 Tenn. Statistical Abstract
  (B. Vickers ed. 1989) . . . . . . . . . . . . 21

C11I18NA.432

## III.  STATEMENT OF ISSUES

A.  THE TRIAL COURT ERRED BY GRANTING MR. NICHOLS'
    MOTIONS FOR A CHANGE OF VENUE, ORDERING THE CASES
    TRANSFERRED FROM HAMILTON COUNTY TO ANOTHER COUNTY
    FOR SELECTION OF A JURY, BUT THEN TRANSFERRING THE
    CASES BACK TO HAMILTON COUNTY FOR TRIAL, THEREBY
    PUTTING MR. NICHOLS TO TRIAL IN TWO JUDICIAL
    DISTRICTS, OVER HIS STRONG OBJECTION  . . . . . . .    1

B.  THE COURT ERRED BECAUSE IT REFUSED TO CONTINUE THE
    TRIAL DATE ON THESE CASES WHEN, ON THE MORNING OF
    TRIAL, MR. NICHOLS WAS REINDICTED ON ALL THREE OF
    THE CHARGES AGAINST HIM, AND IT THEN REFUSED TO
    ALLOW MR. NICHOLS TO SHOW THE ORIGINAL INDICTMENTS
    TO THE JURY TO PROVE THERE WERE THREE DIFFERENT
    DATES AT QUESTION IN THESE CASES  . . . . . . . . .    5

C.  THE COURT ERRED AT THE SENTENCING HEARING OF THESE
    CASES BY: (A) ALLOWING AN ILLEGAL PRESENTENCE REPORT
    TO BE ENTERED INTO THE RECORD AND THEN REFUSING TO
    CONSIDER THE REPORT IN SENTENCING AS REQUIRED BY
    LAW; (B) REVIEWING HIGHLY PREJUDICIAL VICTIM IMPACT
    STATEMENTS THAT WERE FORBIDDEN FROM CONSIDERATION;
    (C) REFUSING TO CONSIDER THE MITIGATING FACTORS PUT
    FORTH BY MR. NICHOLS; (D) ALLOWING THE PROSECUTION
    TO SEEK ENHANCED PUNISHMENT WITHOUT THE
    REQUISITE NOTICE TO MR. NICHOLS  . . . . . . . . .    9

D.  THE TRIAL COURT ERRED IN REFUSING TO SENTENCE MR.
    NICHOLS IN THE ORDER HIS CASES WERE TRIED, AFTER IT
    HAD, OVER MR. NICHOLS' OBJECTION, SCHEDULED HIS
    TRIALS OUT OF CHRONOLOGICAL ORDER AT THE
    PROSECUTOR'S DEMAND IN ORDER TO PROVIDE THE STATE
    WITH THE EVIDENCE OF AN ADDITIONAL AGGRAVATING
    CIRCUMSTANCE FOR THE DEATH PENALTY TRIAL  . . . . .   16

E.  THE COURT ERRED WHEN IT REFUSED TO DISMISS THE CASES
    AGAINST THE DEFENDANT BASED UPON THE COMPOSITION OF
    THE HAMILTON COUNTY GRAND JURY  . . . . . . . . . .   19

F.  THE COURT ERRED WHEN IT REFUSED TO ALLOW MR. NICHOLS
    TO WITHDRAW THE GUILTY PLEAS IN THE TATE CASES, WHEN
    EVIDENCE WAS WITHHELD FROM HIM PRIOR TO THOSE PLEAS
    AND SURFACED ONLY AFTER THE PLEAS WERE ENTERED  . .   29

C11I18NA.432

G.  THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE
    THE VIDEOTAPED CONFESSION MADE BY MR. NICHOLS, BOTH
    BECAUSE THE CONFESSION WAS TAKEN AFTER HE WAS
    REFUSED COUNSEL AND UNDER COERCIVE CIRCUMSTANCES .      33

H.  THE COURT ERRED IN NOT REDACTING PORTIONS OF THE
    VIDEOTAPED STATEMENT BY MR. NICHOLS  . . . . . . .      36

I.  THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW MR.
    NICHOLS' REQUEST FOR A CONTINUANCE AFTER IT WAS
    DISCOVERED THAT CERTAIN EVIDENCE HAD EITHER BEEN
    LOST OR WITHHELD FROM HIM  . . . . . . . . . . . .      38

J.  THE EVIDENCE WAS INSUFFICIENT TO CONVICT MR. NICHOLS
    IN THESE CASES AND JUDGMENTS OF ACQUITTAL ON SAME
    SHOULD HAVE BEEN GRANTED  . . . . . . . . . . . .       42

K.  THE COURT ERRED IN REFUSING TO DISMISS TWO OF THE
    CHARGES OF RAPE IN THESE CASES BECAUSE BODILY INJURY
    HAD TO BE CAUSED BY THE ACTS AS DESCRIBED IN THE
    INDICTMENTS, AND SUCH PROOF WAS NOT OFFERED   . . .     44

L.  THE COURT ERRED WHEN IT REFUSED TO DECLARE A
    MISTRIAL AFTER THE DISTRICT ATTORNEY GENERAL CALLED
    ANOTHER VICTIM TO THE STAND RATHER THAN THE VICTIM
    IN THIS CASE  . . . . . . . . . . . . . . . . . .      46

M.  THE COURT ERRED WHEN IT REFUSED TO FORBID THE FORMAL
    READING OF THE INDICTMENT . . . . . . . . . . . .      47

N.  THE COURT ERRED IN NOT STRIKING THE PANEL WHEN A
    JUROR DURING VOIR DIRE DECLARED THAT SHE "WOULD JUST
    LIKE TO SEE HIM [MR. NICHOLS] DISAPPEAR"  . . . . .     48

x

## IV. STATEMENT OF THE CASES AND STATEMENT OF THE FACTS

### A. General Procedural Considerations

**As a preliminary matter, the defendant-appellant, Harold Wayne Nichols, would point out to this court that there is also a pending appeal on the death penalty case (175504) which is associated with these cases as described below. Certain of the cases included within this consolidated appeal form aggravating circumstances for the death penalty case.**

Wayne Nichols was arrested on January 5, 1989, and indicted on 41 separate counts of rape, burglary, petit and grand larceny, felonious assault with intent to commit murder, and with one murder charge. The counts involved 14 different victims, and the trial court set 14 trials, consolidating all cases involving each victim into a single trial. This instant appeal includes 14 separate charges against Mr. Nichols, involving a total of five victims. The death penalty case (175504), which is currently on appeal to the Tennessee Supreme Court, involved the victim Karen Pulley, who is also the victim in two of the 14 cases under this appeal.

This Court has aggregated these 14 separate cases against Mr. Nichols into one appeal under the docket number 03C01-9108-CR-00236. The following chart may assist the Court in more easily following the chronological and procedural history of each of the cases:

| Docket No./ Victim | Charge and Date of Occurrence of Charged Crime | Final Outcome of Case | Sentence Received** |
|---|---|---|---|
| 175423 Pulley* | Aggr. Rape 9/30/88 | Guilty plea 5-1,2-90 | 12-14-90: 60 years consecutive to 180537 |
| 175425 Pulley* | First degree burglary 9/30/88 | Guilty plea 5-1,2-90 | 12-14-90: 15 years consecutive to 175423 |
| 180535 Gore | First degree burglary 12/20/88 or 12/21/88 | Conviction 2/21/90 | 12-14-90: 15 years consecutive to 178087 |
| 180536 Gore | Petit Larceny 12/20/88 or 12/21/88 | Conviction 2/21/90 | 12-14-90: Merged into 180535 by court |
| 180537 Gore | Aggr. Rape 12/20/88 or 12/21/88 | Conviction 2/21/90 | 12-14-90: 60 years consecutive with 180535 |
| 175495 Roszell | Aggr. Rape 12/27/88 | Guilty plea 9/13/89 | 40 years on 12-14-90 |
| 175497 Roszell | First degree burglary 12/17/88 | Guilty plea 9/13/89 | 12-14-90: 10 years consecutive to 175495 |
| 175438 Roach | Aggr. Rape 1/3/89 | Conviction 1/11/90 | 12-14-90: 60 years consecutive to 175442 |
| 175440 Roach | Aggr. Rape 1/3/89 | Conviction; reduced to assault with intent to commit aggravated rape 1/11/90 | 12-14-90: 20 years consecutive to 175438 |
| 175492 Roach | First degree burglary 1/3/89 | Conviction 1/11/90 | 12-14-90: 15 years consecutive to 175440 |
| 178087 Roach | Aggr. Rape 1/3/89 | Conviction 1/11/90 | 12-14-90: 60 years consecutive to 175492 |

C11I18NA.432

| Docket No./ Victim | Charge and Date of Occurrence of Charged Crime | Final Outcome of Case | Sentence Received** |
|---|---|---|---|
| 175433 Tate | Aggr. Rape 1/3/89 | Guilty plea 10/24/89 | 12-14-90: 60 years consecutive to 175497 |
| 175442 Tate | Grand Larceny; reduced to petit larceny 1/3/89 | Guilty plea to petit larceny 10/24/89 | 12-14-90 6 years consecutive to 175433 |
| 175490 Tate | First degree burglary 1/3/89 | Guilty plea 10/24/89 | 6 years concurrent (sentenced on 2/14/91) |

* Case 175504 was the first degree murder case of victim Karen Pulley. Mr. Nichols was arrested on that charge on January 5, 1989, and jury trial began on May 7, 1990. Mr. Nichols entered pleas of guilty to the charges of first degree murder, and a jury returned a penalty of death on May 12, 1990. A motion for a new trial was denied by the trial court on December 17, 1990. A notice of appeal was filed by Mr. Nichols on January 14, 1991. Mr. Nichols filed his brief in this case on October 16, 1991. The State has until March 30, 1992 to file its response.

** The above cases on Pulley (175423, 175424), Roszell (175495, 175497), and Tate (175433, 175442, 175490) are on appeal on sentencing issues. The sentencing in all those cases took place on 12/14/90, and a notice of appeal was filed on 1/14/91. The Tate case is also on appeal for a refusal of the trial court to allow Mr. Nichols to withdraw his guilty pleas in these cases. The Gore (180535, 180536, 180537) cases and Roach (175438, 175440, 175492, 178087) cases are on appeal for both sentencing and trial issues. The motions for a new trial in both those cases were denied on March 25, 1991, and notices of appeal in those cases were filed on 3/28/91. The indictments in all of these cases are included in the record at 12-42. The notices of appeal in the Pulley cases are in the record at 453; in the Tate cases at 454; in the Roszell cases at 455; in the Roach cases at 486, and in the Gore cases at 487.

---

Of the 41 charges originally filed against Mr. Nichols, 14 are under consideration by this Court as delineated above, the death penalty case is on appeal to the Tennessee Supreme Court, 16 cases were dismissed by the State of Tennessee at various times in the process, and Mr. Nichols pled guilty to

xiii

an additional six cases under a plea agreement with the State, and on which he was sentenced on February 14, 1991. None of the cases which were resolved pursuant to that plea agreement are the subject of this appeal. Mr. Nichols received a death sentence, and 647 years in prison for all of his sentences. (Tr. 12/14/90; 2/14/91)

The various issues raised in this appeal brief sometimes refer to all of the 14 cases listed on the chart, or may refer only to certain cases regarding specific trial and/or sentencing issues. At the beginning of each section of this brief, the name of the victim (as this was the easiest method of identification of the various trials or pleas) and the case or cases to which that particular issue applies are set forth in boldface type.

Mr. Nichols was charged in a series of 14 attacks upon young women. The first victim, Karen Pulley, was killed. Subsequent victims were assaulted, both sexually and otherwise. Each of these women was attacked in her home or apartment. The facts and circumstances of the attacks are not relevant to the issues raised in these appeals. The relevant facts are described below or in the issue arguments.

B. Background of Karen Pulley Cases.

This section contains only the salient facts of the Karen Pulley cases at issue in this appeal, and which are not

xiv

included in the general discussion above nor detailed in the specific issues below.

Mr. Nichols pleaded guilty to first degree murder, and the two instant charges herein, aggravated rape (175423) and first degree burglary (175425), when his trial on these charges began on May 9, 1990. <u>Exhibit 1</u>. In the death penalty case, a penalty of death was returned on May 12, 1990. <u>Exhibit 2</u>. No motion for a new trial was made on the non-death penalty cases, as there was no trial on those cases. Mr. Nichols was sentenced on those cases on December 14, 1990 as delineated in the chart above. (Tr. 12-14-90 Sentencing Hearing) The facts regarding the appeal of the sentencing issues in the Pulley cases are contained within these specific issues below.

C. <u>Background of Susan Tate Cases</u>.

This section contains only the salient facts of the Susan Tate cases at issue in this appeal, and which are not included in the general discussion above nor detailed in the specific issues below.

The cases involving the victim Susan Tate included aggravated rape (175433), petit larceny (175442), and first degree burglary (175490), committed on January 3, 1989. (R. 12-35) Mr. Nichols entered a guilty plea in these cases on October 24, 1989. Mr. Nichols was then told by the district

attorney's office that a taped statement of the victim existed of which he had been unaware when he entered his pleas. Detailed in Issue 7 below, are the salient facts surrounding Mr. Nichols' motion to withdraw the guilty pleas based on the exculpatory evidence which had not been provided him, and the Court's failure to grant that motion. Mr. Nichols was sentenced on December 14, 1990 in these cases, and a notice of appeal was filed on January 14, 1991. (Tr. 12-14-90 Sentencing Hearing; R. 454) The facts regarding the appeal of the sentencing issues and the motion to withdraw the pleas in the Tate cases are contained within those specific issues below.

### D. Background of Tammy Roszell Cases

This section contains only the salient facts of the Tammy Roszell cases at issue in this appeal, and which are not included in the general discussion above nor detailed in the specific issues below.

The cases involving the victim Roszell included aggravated rape (175495), first degree burglary (175497), and originally another case alleging aggravated rape (175431) which is not at issue in this cause. Mr. Nichols pled guilty to the aggravated rape and first degree burglary charges on September 13, 1989. (Roszell Tr. 9-12-89 Evidence, 5-7) He

C11I18NA.432

was sentenced in these cases as described on the chart above. (Tr. 12-14-90 Sentencing Hearing) An appeal was filed on January 14, 1991 (R. 455) The facts regarding the appeal of the sentencing issues in the Roszell cases are contained within these specific issues below.

E. Background of Patricia Ann Roach Cases.

This section contains only the salient facts of the Patricia Ann Roach cases at issue in this appeal, and which are not included in the general discussion above nor detailed in the specific issues below.

The Patricia Ann Roach cases involved three charges of aggravated rape (175438, 175440, and 178087) and first degree burglary (175492). Mr. Nichols made a motion for a change of venue in the cases (R. 106-110), and that motion was granted by the court for the purpose of jury selection only (R. 354-355) on January 17, 1990. A jury was chosen in Loudon County on January 9, 1990 (Roach Tr. 1-9-90 Jury Selection), and then forced to come to Hamilton County for trial. (Roach Tr. 1-9-90 Jury Selection; Roach Tr. 1-10-90 Evidence, 50-51) The return to Hamilton County was made over the strenuous objection of Mr. Nichols. (Roach Tr. 1-10-90 Evidence, 50-51)

The jury returned guilty verdicts on January 11, 1990 (Roach Tr. 1-10-90 Evidence, 291-293), and Mr. Nichols was sentenced as delineated in the chart above. (Tr. 12-14-90

Sentencing Hearing)  A notice of appeal was filed on March 28, 1991.  (R. 486)  The facts regarding the appeal of the trial and sentencing issues in the Roach cases are contained within these specific issues below.

    F.  Background of Patricia Ann Gore Cases.

This section contains only the salient facts of the Patricia Ann Gore cases at issue in this appeal, and which are not included in the general discussion above nor detailed in the specific issues below.

The Patricia Ann Gore cases involved charges of first degree burglary (180535), petit larceny (180535), petit larceny (180536) which was merged into the first degree burglary, and aggravated rape (180537).  Mr. Nichols made a motion for a change of venue in the cases (R. 106-110), and that motion was granted by the court for purposes of jury selection only (R. 354-355) on January 17, 1990.  A jury was chosen in Coffee County for this case on February 20, 1990 (Gore Tr. 2-20-90 Jury Selection) and was forced to come to Hamilton County for trial.  (Gore Tr. 2-21-90 Evidence, 1) The return to Hamilton County was made over the strenuous objections of Mr. Nichols.  (Gore Tr. 2-21-90 Evidence, 1)

The jury returned a guilty verdict on February 21, 1990, (Gore Tr. 2-21-90 Evidence, 138-139), and a notice of appeal was filed on March 28, 1991.  (R. 487)  The facts regarding the appeal of the trial and sentencing issues in the Gore cases are contained within the specific issues below.

C11118NA.432

## V. ARGUMENT

A.   THE TRIAL COURT ERRED BY GRANTING MR. NICHOLS' MOTIONS FOR A CHANGE OF VENUE, ORDERING THE CASES TRANSFERRED FROM HAMILTON COUNTY TO ANOTHER COUNTY FOR SELECTION OF A JURY, BUT THEN TRANSFERRING THE CASES BACK TO HAMILTON COUNTY FOR TRIAL, THEREBY PUTTING MR. NICHOLS TO TRIAL IN TWO JUDICIAL DISTRICTS, OVER HIS STRONG OBJECTION.

**THE FOLLOWING SECTION APPLIES TO THE GORE AND ROACH TRIALS ONLY .**

Article I, Section 9 of the Tennessee Constitution provides that a defendant has the right to be tried by "an impartial jury of the County in which the crime shall have been committed." See also Tenn. R. Crim. P. 18(a) (offenses shall be prosecuted in county where offense was committed except as provided by statute or by the rules). Venue may be changed only upon motion of the defendant or with his consent if it appears, inter alia, that due to undue excitement against the defendant in the county where the offense was committed, a fair trial probably could not be had there. Tenn. R. Crim. P. 21(a). See Chadwick v. State, 201 Tenn. 57, 296 S.W.2d 857, 859 (1956) (venue cannot be changed "except on application of or the consent of the accused").

The trial court's orders that the Gore and Roach cases be transferred from Hamilton County to other counties for jury selection and then back to Hamilton County for trial were totally unprecedented and required Mr. Nichols to be tried in two different counties and judicial circuits of this State in each of the above cases in contravention of Article I, Section 9 of the Tennessee Constitution and Tenn. R. Crim. P. 18(a).

Mr. Nichols made both written and oral motions in both the cases for a change of venue. (R. 326, 354-55) However, Mr. Nichols strenuously objected in each of these trials to being tried in both the Criminal Court of Coffee County (14th Circuit) and the Criminal Court of Hamilton County (11th Circuit) in the Roach cases (Roach Tr. 1/9/90 Jury Selection, 26; Roach Tr. 1/10/90 Evidence, 49); and in both the Criminal Court of Loudon County (9th Circuit) and the Criminal Court of Hamilton County (11th Circuit) in the Gore cases (Gore Tr. 2/20/90 Jury Selection, 25; Gore Tr. 2/21/90 Evidence, 1). Although Mr. Nichols sought a change of venue from Hamilton County, he never moved for nor consented to a second change of venue, as he would have been required to do by Tenn. R. Crim. P. 21(a). In fact, he strenuously objected to this unprecedented action on the part of the trial court. (Roach Tr. 1/10/90 Evidence, 50-51; Gore Tr. 2/21/90 Evidence, 138-39)

Tennessee case law supports Mr. Nichols' position that the two changes of venue which occurred in each of these trials is impermissible under the Tennessee Constitution and under the Tennessee Rules of Criminal Procedure. In State v. Upchurch, 620 S.W.2d 540 (Tenn. Crim. App. 1981), a petit jury was selected in Warren County, the county in which the crime allegedly occurred, but the trial was held over the defendant's objection in DeKalb County. The Court of Criminal Appeals noted first that the Tennessee Constitution and

Tennessee case law confer upon an accused the absolute right to be tried in the county in which the crime is alleged to have been committed. Id. at 542. The appellate court then held that the defendant was entitled to a trial in Warren County and that the trial judge had erred in transferring the situs of the trial over the defendant's objection to DeKalb County. Id. Accordingly, the defendant's conviction was void. Id. The appellate court also noted that it was improper for the trial judge, as judge of the Warren County Circuit Court, to hold court outside Warren County. Id.

The court in Upchurch specifically rejected the State's argument that no violation of Article I, Section 9 of the Tennessee Constitution occurs when the situs of the trial is moved, although the petit jury consists of residents of the county wherein the crime allegedly occurred. The court in effect held that the two concepts -- location of the trial and residence of the jurors -- are inseparable. The inescapable conclusion which emerges from the Upchurch court's holding is that trial location and jury residence must be in the same county. Thus, the two changes of venue which occurred in each of the present cases, thereby resulting in a severance of the county of jury residence from the county of trial, were an improper exercise of judicial discretion.

It is not necessary for this Court to even consider a harmless error analysis on this issue. It is clear from the above that there is absolutely no basis under the law by which

the trial court had authority to hold the trial in two different counties as it did. In fact, the actions of the trial court were directly in contravention to the Tennessee Constitution and case law as cited above. A harmless error analysis would fail in these cases to vindicate the error.

As this Court is aware, the manifest purpose of the rule allowing a change of venue is to enable a defendant to have a trial before impartial jurors when "undue excitement against the defendant" or any other cause would prevent a fair and impartial trial from otherwise being had in the county where the offense was committed. See Tenn. R. Crim. P. 21(a). Clearly, as in the Upchurch case, this purpose could not be achieved if a trial were held in a county other than the county in which the crime occurred, but where the jury is composed of residents of the county of the crime. Likewise, the reverse is also impermissible. This purpose cannot be achieved where, as occurred here, a change of venue is granted in order to select impartial jurors from a county other than the county of the crime, but where venue is transferred back to the county of the crime for trial.

Holding trial in the county of the crime with nonresident jurors exposes the nonresident jurors to the prejudicial and highly-charged atmosphere which exists in the county of the crime. Even if the nonresident jurors are sequestered, they cannot ignore observers in the courtroom whose expressions and reactions may inform the jury of popular opinion. They

certainly could not ignore the high media presence that existed in these trials.  (R. 107-09)  Indeed, the very fact that there is a need to sequester the jury tells the jurors that the trial has a high public profile and that there is strong public sentiment, presumably against Mr. Nichols.  In short, any benefit of impartiality which is gained by a change of venue from the county of the crime is destroyed when venue is changed back to that county.  Each juror surely knew that for a Hamilton County court to come to his county to pick a jury, and then to transport him to and lodge and feed him in Hamilton County meant this trial was a very big trial, and that this defendant must be guilty indeed.  Such unfair prejudice cannot be overcome.

The unprecedented trial method present in these cases is not permitted under the Tennessee Constitution, the Tennessee Rules of Criminal Procedure, or in the case law of Tennessee. The two changes of venue which occurred in these trials violated Mr. Nichols' rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as Article I, Section 6, 8, 9 and 16 of the Tennessee Constitution and Rules 18 and 21 of the Tennessee Rules of Criminal Procedure and new trials are warranted on each of these cases.

B.   THE COURT ERRED BECAUSE IT REFUSED TO CONTINUE THE TRIAL DATE ON THESE CASES WHEN, ON THE MORNING OF TRIAL, MR. NICHOLS WAS REINDICTED ON ALL THREE OF THE CHARGES AGAINST HIM, AND IT THEN REFUSED TO ALLOW MR. NICHOLS TO SHOW THE ORIGINAL INDICTMENTS TO THE JURY TO

PROVE THERE WERE THREE DIFFERENT DATES AT QUESTION IN
THESE CASES.

## THE FOLLOWING SECTION APPLIES TO THE GORE CASES ONLY.

T.C.A. §40-14-105 (1990) provides in pertinent part:

> **Time before trial -- noncapital offenses.** Every person
> accused of any crime or misdemeanor whatsoever <u>shall</u> be
> entitled to fourteen (14) full days (Sundays and legal
> holidays excluded) <u>after</u> arrest and <u>the return of the
> indictment</u> or presentment <u>before being tried for such
> offense</u>. (emphasis added)

The statute thus provides for a mandatory fourteen (14) day
period between the return of the indictment in this case and
trial on such indictment.

In interpreting the predecessor to this statute, the
Tennessee Supreme Court has stated that the Legislature had
guaranteed criminal defendants a defined length of time following
the defendant's arrest or the return of the indictment. <u>Hood v.
State</u>, 216 S.W.2d 14, 16 (1948). The court further stated:

> The clear intent of the legislature in passing the
> statute here invoked was to give one accused of crime a
> reasonable time within which to prepare his defense;
> that he should have at least [the time set forth in the
> statute] to consult with his counsel and have issued
> processes for witnesses to appear to give evidence in
> his behalf.

<u>Id</u>. As long as the defendant has not waived this right and can
demonstrate prejudice due to its denial, he is entitled to
relief. <u>See</u> <u>State v. Brown</u>, 795 S.W.2d 689, 693 (Tenn. Crim.
App. 1990); <u>Dukes v. State</u>, 578 S.W.2d 659, 662 (Tenn. Crim. App.
1978); <u>Neal v. State</u>, 334 S.W.2d 731, 733 (Tenn. 1960). Both
prerequisites are satisfied here.

In the original indictments issued February 1, 1989, Mr. Nichols was charged with an offense date of December 20, 1988. (attached hereto as collective Exhibit 3)  One week before trial, the State sent a letter to Mr. Nichols stating that it was going to amend the original indictments against him to show a December 12, 1988, offense date. (Gore Tr. 2/20/90 Jury Selection, 5)  Thus, at this very late date Mr. Nichols was faced with a second possible offense date, but, nevertheless, began to prepare for trial for events which allegedly occurred on December 12, 1988 rather than December 20, 1988.  (Gore Tr. 2/20/90 Jury Selection, 5)

However, on the morning of trial, Mr. Nichols was for the first time handed new indictments citing yet a third date of offense, December 21, 1988.  (Gore Tr. 2/20/90 Jury Selection, 2, 6; R. 36-41))  The new indictments, although filed, were <u>never</u> provided to Mr. Nichols by the State, the Criminal Court Clerk's office, nor anyone else before the morning of trial.  (Gore Tr. 2/20/90 Jury Selection, 2, 5-7)  Also, new Indictment 180537 materially altered the aggravated rape indictment by adding "vaginal intercourse" and the requirement of personal injury. (R. 40-41)

Mr. Nichols, now faced with a third possible offense date and a materially altered aggravated rape charge, objected strenuously to this trial-by-ambush maneuver by the State, stressing his inability adequately to prepare and defend these new charges on the morning of trial.  (Gore Tr. 2/20/90 Jury

Selection, 4-9) However, despite the clear and mandatory language and intent of T.C.A. §40-14-105 (1990), the trial court denied Mr. Nichols' request for a continuance. (Gore Tr. 2/20/90 Jury Selection, 8) Thus, he was forced to proceed despite a very real and serious lack of preparation as to the new offense date and aggravated rape charge as set forth in the amended indictment. This error was further compounded by the fact that the trial court refused to permit Mr. Nichols, over his strong objection, to present to the jury in closing argument the various indictments and documentation issued by the State which set forth the three separate offenses. (Gore Tr. 2/21/90 Evidence, 105) This evidence would have raised a serious inference of reasonable doubt. Thus, even what preparation Mr. Nichols had done was rendered totally useless.

The prejudice to Mr. Nichols is obvious. First the State charged him with an offense date of December 20, 1988, only to purportedly change that date to December 12, 1988, a scant seven days before trial. However, if this were not enough, after preparing for a defense to indictments which allegedly charged an offense date of December 12, 1988, Mr. Nichols was faced, on the day of trial, with completely revamped indictments charging that the offenses occurred December 21, 1988, nine (9) days later. In addition, Mr. Nichols now faced a radically altered aggravated rape charge, proof of which now required both vaginal intercourse and personal injury.

Clearly the State's actions with regard to the indictments failed to provide the required notice to Mr. Nichols of the facts sought to be proved against him. T.C.A. §40-14-105 (1990) was specifically drafted with that fundamental principle in mind. A defendant is entitled to a reasonable time adequately to prepare his case. No such time was available here; Mr. Nichols was kept in a constant state of confusion as to both the offense date and the offenses themselves. Despite his best efforts, Mr. Nichols was unable to adapt to the State's tactics in changing the indictments in these cases. Mr. Nichols, instead, was forced to proceed to trial without being given <u>any</u> time, much less adequate time, to prepare his defense to the new, material issues raised in the amended indictments upon which the State actually proceeded to trial.

In denying his motion for a continuance, the court violated Mr. Nichols' rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 8, 9 and 16 of the Tennessee Constitution and a new trial should be granted.

C.   THE COURT ERRED AT THE SENTENCING HEARING OF THESE CASES BY:
(A) ALLOWING AN ILLEGAL PRESENTENCE REPORT TO BE ENTERED INTO THE RECORD AND THEN REFUSING TO CONSIDER THE REPORT IN SENTENCING AS REQUIRED BY LAW; (B) REVIEWING HIGHLY PREJUDICIAL VICTIM IMPACT STATEMENTS THAT WERE FORBIDDEN FROM CONSIDERATION; (C) REFUSING TO CONSIDER THE MITIGATING FACTORS PUT FORTH BY MR. NICHOLS; (D) ALLOWING THE PROSECUTION TO SEEK ENHANCED PUNISHMENT WITHOUT THE REQUISITE NOTICE TO MR. NICHOLS.

**THE FOLLOWING SECTION APPLIES TO THE SENTENCING ON THE GORE, ROACH, TATE, ROSZELL, AND PULLEY CASES.**

The State of Tennessee has established numerous statutory and procedural limitations to protect the constitutional rights of defendants at sentencing. Each of these laws was carefully drafted by the Legislature. Because a sentencing hearing involves the taking away of a defendant's life, liberty and pursuit of happiness, the statutes are to be strictly construed. T.C.A. §§40-35-101 (1990) et seq.

Pursuant to T.C.A. §40-35-401(b) (1990), Mr. Nichols is entitled to a new sentencing hearing because his sentences were not imposed in accordance with the statutory and procedural protections set forth in T.C.A. §§40-35-101 (1990) et seq., the enhancement and mitigating factors were not weighed properly, and the sentences are excessive under the sentencing considerations set out in T.C.A. §40-35-103 (1990).

1.  **THE TRIAL COURT ERRED AT THE SENTENCING HEARING OF THESE CASES BY ALLOWING AN ILLEGAL PRESENTENCE REPORT TO BE ENTERED INTO THE RECORD AND THEN REFUSING TO CONSIDER THE REPORT IN SENTENCING AS REQUIRED BY LAW.**

Under Tennessee law, a court is obligated to refer to the presentence report before handing down a sentence in a felony case. T.C.A. §40-35-205(a) (1990). The purpose of the presentence investigation report is to present the court with an independent determination of the factual basis for any enhancement or mitigating factors to consider in sentencing. T.C.A. §40-35-205(a) (1990). The laws regarding the preparation and contents of presentence reports are well-defined. Upon a

finding of guilt in a felony case, the court must direct the presentence service officer to make a presentence investigation except where the court accepts a sentence agreement between the district attorney general and the defendant. T.C.A. §40-35-205(a), (d) (1990). The officer must conduct an investigation and prepare a presentence report which meets all the requirements of T.C.A. §40-35-207(a) (1990). Id. The presentence report must be filed with the clerk of court and complete copies must be presented to the parties at least ten (10) days before the sentencing hearing. In preparing the report, the presentence officer is strictly forbidden from commenting on the punishment in the case. T.C.A. §40-35-207(b) (1990).

At the sentencing hearing in the cases at bar, the court allowed an illegal presentence report to be entered into the record. (R. 384-417) (The presentence officer actually prepared two presentence reports: the first relating to the Pulley cases (R. 384-417) and the second relating to the Gore, Roach, Tate and Roszell cases which was inadvertently omitted from the record but is attached hereto as Exhibit 4.) Under the laws of Tennessee as set forth in T.C.A. §40-35-207(b) (1990), the contents of both the presentence reports were clearly illegal because, among other things, the officer not only commented on but also recommended punishment in the cases. In the presentence reports, the officer states that Mr. Nichols' actions in the cases should "earn him the maximum penalty allowable under law." (R. 388) (Exhibit 4,