Even though the State may have proven sexual penetration by fellatio and anal intercourse, such proof could not constitute the personal injury required for conviction of aggravated rape as delineated in Indictments 175438 and 175440, respectively. Under Tennessee's rape statute, rape is the unlawful sexual penetration of a victim by force or coercion. T.C.A. § 39-2-604 (Michie Supp. 1988). The offense of aggravated rape under Tennessee law requires proof of sexual penetration by force or coercion accompanied by any of the aggravating factors enumerated in that section, one of which is personal injury to the victim. T.C.A. § 39-2-603(a)(2) (Michie Supp. 1988). If the sexual penetration by fellatio or anal intercourse itself constituted personal injury, then every act that constitutes rape pursuant to T.C.A. § 39-2-604 (Michie Supp. 1988) would also constitute aggravated rape pursuant to T.C.A. § 39-2-603 (Michie Supp. 1988). Such an interpretation is surely illogical and wrong -- if the Legislature made rape a statutory crime it meant that there should be such a crime, and that not every rape was in fact aggravated rape.

Mr. Nichols moved for judgment of acquittal based upon the State's failure to produce such proof (Roach Tr. 1/10/90 Evidence, 188-190); however, the motion was denied. (Roach Tr. 1/10/90 Evidence, 202)

This denial violated Mr. Nichols' rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 8, 9 and 16 of the

Tennessee Constitution. Mr. Nichols is entitled to a new trial in these cases.

L.   THE COURT ERRED WHEN IT REFUSED TO DECLARE A MISTRIAL AFTER THE DISTRICT ATTORNEY GENERAL CALLED ANOTHER VICTIM TO THE STAND RATHER THAN THE VICTIM IN THIS CASE.

**THE FOLLOWING SECTION APPLIES TO THE ROACH CASES ONLY.**

In determining whether prosecutorial misconduct has affected the verdict to the prejudice of the defendant and consequently amounts to reversible error under Tennessee law, a court must consider the following factors: (1) the conduct complained of viewed in context and in light of the facts and circumstances of the case; (2) the curative measures undertaken by the court and the prosecution; (3) the intent of the prosecutor in making the improper statement; (4) the cumulative effect of the improper conduct and any other errors in the record; and (5) the relative strength or weakness of the case. <u>State v. Buck</u>, 670 S.W.2d 600, 609 (Tenn. 1984).

In what may or may not have been a deliberate error, the District Attorney General, when calling the victim to the stand in these cases, called the (somewhat similar) name of another victim in another case. Mr. Nichols immediately moved for a mistrial because the jury was now aware of at least one other case against him. (Roach Tr. 1/10/90 Evidence, 115)

By informing the jurors of at least one other case against Mr. Nichols, the State violated his right to a fair trial. Proof of other crimes is "highly prejudicial," <u>McLean v. State</u>, 527 S.W.2d 76, 84 (Tenn. 1975), because the jury is likely to

conclude the defendant is the kind of "bad person" likely to commit the charge in the indictment. Shockley v. State, 585 S.W.2d 645, 653 (Tenn. Crim. App. 1978). In short, any benefit of impartiality gained by the partial change of venue was destroyed by the action of the District Attorney General.

Second, neither the court nor the State took any curative measures whatsoever to correct this "prosecutorial error". (Roach Tr. 1/10/90 Evidence, 115)

Third, whether the District Attorney General deliberately intended to compromise Mr. Nichols' right to a fair trial is pure speculation, but the effect was the same regardless of the intent.

Finally, this improper conduct compounded with all the other errors detailed throughout this brief, undeniably illustrates that Mr. Nichols' constitutional rights under the Fifth, Sixth, Eighth and Sixteenth Amendments to the United States Constitution and Article I, Sections 6, 8, 9 and 16 of the Tennessee Constitution were repeatedly violated. The cumulative effect of these errors warrants reversal of the verdict and entitles Mr. Nichols to a new trial.

M.   THE COURT ERRED WHEN IT REFUSED TO FORBID THE FORMAL READING OF THE INDICTMENT.

**THE FOLLOWING SECTION APPLIES TO THE ROACH CASES ONLY.**

In keeping with the constitutional requirements of a criminal trial, and quoting a North Carolina statute which forbids the reading of the indictment, N.C. Gen. Stat. § 15A-1221(b) (Michie 1988), Mr. Nichols moved to forbid the formal

reading of the indictment by the Attorney General on the grounds that reading an indictment in its stilted, formal language would place undue emphasis on the indictment itself. (Roach Tr. 1/10/90 Evidence, 61) Mr. Nichols did not object to reading to the jury the portion of the indictment that stated the charge. He objected only to the "formal" reading. (Roach Tr. 1/10/90 Evidence, 61) The court overruled this motion. (Roach Tr. 1/10/90 Evidence, 61)

To read the indictment in the stilted formal language with a listing of all of the grand jurors and their signatures places undue emphasis on the indictment, renders its charge true in the minds of the jury, and does not allow the jury to enter the case unbiased, unprejudiced, and with a presumption of the innocence of the defendant. As such, it violates the defendant's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 8, 9 and 16 of the Tennessee Constitution. A new trial in these cases should be awarded on this basis.

N.   THE COURT ERRED IN NOT STRIKING THE PANEL WHEN A JUROR DURING VOIR DIRE DECLARED THAT SHE "WOULD JUST LIKE TO SEE HIM [MR. NICHOLS] DISAPPEAR"

**THE FOLLOWING SECTION APPLIES TO THE ROACH CASES ONLY.**

In State v. Scruggs, 589 S.W.2d 899, 901 (Tenn. 1979), the Tennessee Supreme Court ruled that prejudice arising from the statements of  prospective jurors on voir dire warrants a reversal.

In the case at hand, the statements of Prospective Juror Hegwood prejudiced the entire jury panel. During the voir dire, Prospective Juror Hegwood stated that she had been raped and did not believe she could be fair to Mr. Nichols because "it was done exactly the same way to me, I would just like to see him [Mr. Nichols] disappear, to be honest." (Roach Tr. 1/9/90 Jury Selection, 60) Mr. Nichols moved to have the entire panel stricken based on the comment by the juror because it biased and prejudiced each of them. (Roach Tr. 1/9/90 Jury Selection, 76). However, the court denied the motion. (Roach Tr. 1/9/90 Jury Selection, 76)

To have selected the jurors in this case from such a tainted panel contravenes Mr. Nichols' constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution as well as Article I, Sections 8, 9 and 16 of the Tennessee Constitution, and a new trial on the above cases is warranted.

## CONCLUSION

There are numerous important trial issues on the Roach and Gore cases as delineated above. There were numerous issues in all fourteen of the cases addressed in this appeal regarding sentencing. In addition, there is the serious issue on the Susan Tate cases regarding the court's refusal to allow Mr. Nichols to withdraw his pleas after it was discovered that the police had withheld evidence.

Five of these fourteen cases (175495, 175433, 175438, 178087, and 180537) were used as a statutory aggravating factor in the death penalty imposed on Harold Wayne Nichols. That murder charge involved the same victim as two of the cases under this appeal. It is crucial to the integrity of the judicial criminal system that each of these assigned errors be scrutinized as closely and with the same care that will be taken by our Supreme Court in its evaluation of the death penalty appeal.

The errors in these cases began with the unique and illegal "bifurcated" change of venue, and ended with a sentencing where the trial court read but "did not consider" illegally-presented victim impact statements, did not read and did not consider any presentence report, not even the ones it had ordered he prepared for the sentencings, and allowed the prosecutor to set the order of the sentencings in the cases in the manner that most suited the State even though it was an illogical and improper ordering of the cases.

Aside from the careful scrutiny required in these cases, and even if they were not integrally bound with the death penalty case, this Court must come to the conclusion that the compounding of the errors in these cases requires that the verdicts in the Gore and Roach cases be reversed, that Mr. Nichols be allowed to withdraw his pleas in the Tate cases, and that he be resentenced on all of the cases.

Respectfully submitted,

Hugh J. Moore, Jr.
Tennessee Bar Number 000883

Rosemarie L. Bryan
Tennessee Bar Number 011235

Arnold C. Moore, Jr.
Tennessee Bar Number 014965


Court-appointed counsel for
  Harold Wayne Nichols
1100 American Natl. Bank Bldg.
Chattanooga, Tennessee  37402
(615) 265-8881

1

IN THE CRIMINAL COURT OF TENNESSEE AT CHATTANOOGA

THE ELEVENTH JUDICIAL DISTRICT


STATE OF TENNESSEE,   )  Cases No. 175504
     Appellee,  )       175425
          )       175423
          )
          )
VS.         )
          )
          )
          )
HAROLD WAYNE NICHOLS,   )
     Appellant.  )


## TRANSCRIPT OF THE EVIDENCE

Volume Five of Five Volumes


THE HONORABLE DOUGLAS A. MEYER, PRESIDING JUDGE


## APPEARANCES

FOR THE APPELLEE:

   Mr. Stephen Bevil
   Assistant District Attorney General
   Hamilton County Justice Building
   Chattanooga, TN  37402

FOR THE APPELLANT:

   Mr. Hugh J. Moore, Jr.
   Ms. Rosemarie Bryan
   Attorneys-at-Law
   1100 American National Bank Building
   Chattanooga, TN  37402

atrocious never was submitted to them. They considered two aggravating circumstances. They considered the mitigating circumstances. And it's clear what their sentence should be in this case. I think the things they listed there were just things that they put down and their feelings toward the brutality of the crime, which they could consider.

THE COURT: To explain why.

MR. BEVIL: Yes, sir. And they can consider that.

THE COURT: I think that's all it was, was that they were explaining why they did that.

All right, let the jury come back.

(Whereupon, the jury returned to
open court and the following
proceedings were had in its
presence:)

(Whereupon, the Court further charged
the jury as follows:)

THE COURT: Jurors, Tennessee Code Annotated 39-2-203(i) provides that no death penalty shall be imposed by a jury but upon a unanimous finding that the State has proven beyond a reasonable doubt the existence of one or more of the statutory aggravating circumstances, which shall be limited to the following.

(1) The defendant was previously convicted of

Charge                                        Page 605

one or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person.

(2)  The murder was committed while the defendant was engaged in committing, or was attempting to commit, or was fleeing after committing or attempting to commit rape.

Members of the jury, the Court has read to you the aggravating circumstances which the law requires you to consider if you find beyond a reasonable doubt that the evidence was established.  You shall not take account of any other facts or circumstances as the bases for deciding whether the death penalty would be appropriate punishment in this case.

The form for Punishment of Death.

We, the jury, unanimously find the following listed statutory aggravating circumstance or circumstances beyond a reasonable doubt:

(Here list the statutory aggravating circumstance or circumstances so found, which shall be limited to those enumerated by the Court for your consideration.)

And then there is a space for the jury to fill in the statutory aggravating circumstance.

The jury can take the Court's charge and retire back to the jury room.

MR. MOORE:  Your Honor please, we'd like to

was can they just mark out their verdict and complete the form or do they need a new form. I would think that it would be best for the defense position, since you object to the manner of their verdict, that they just x through it and then write in their verdict.

MR. MOORE: That will be right, Your Honor.

THE COURT: Okay. So tell the jury they can put an x through that part of the verdict and then report their verdict.

MR. MOORE: Your Honor, I want to make sure that it will be clear on the record that a portion of that form came in as the verdict and then that it was crossed out and then another portion was written later, so that it doesn't look later to the appellate court like when they came in that they had thought about this and then crossed it out.

THE COURT: Yes. Well, we can look at the verdict form. You've seen the verdict form. And we can state after we get it what changes were made in that.

MR. MOORE: Thank you.

(Whereupon, at 11:15 a.m, the jury returned to open court to report its verdict.)

THE COURT: Ms. Thompson, you have a verdict form completed now?

MS. FORELADY: I believe so, Your Honor.

THE COURT: All right. Will you read that verdict form to me?

MS. FORELADY: The complete form?

THE COURT: Yes.

MS. FORELADY: We, the jury, unanimously find the following listed statutory aggravating circumstance or circumstances beyond a reasonable doubt:

(Here list the statutory aggravating circumstance or circumstances so found.)

The defendant was previously convicted of one or more felonies, other than the present charge, whose statutory elements involve the use of violence to the person.

The State is relying upon the crimes of Aggravated Rape, which are felonies involving the use or threat of violence to the person.

The murder was committed while the defendant was engaged in committing, or was attempting to commit, or was fleeing after committing or attempting to commit rape.

We, the jury, unanimously find that the State has proven beyond a reasonable doubt that the statutory aggravating circumstance or circumstances outweigh beyond a reasonable doubt circumstance or circumstances.

Therefore, we, the jury, unanimously find that the punishment for the defendant, Harold Wayne Nichols,

Verdict                                    Page 609

1  shall be death.

2      THE COURT:  And so say you all?

3      (All juror answered affirmatively.)

4      THE COURT:  Ms. Thompson, let me ask you a couple

5  of questions.  One, did the jury find those two aggravating

6  factors had been proven by the evidence beyond a reasonable

7  doubt before you came back in the first time?

8      MS. FORELADY:  Yes, Your Honor.

9      THE COURT:  Did the jury assume that you did not

10  have to write those two findings in there?

11      MS. FORELADY:  Yes, Your Honor.

12      THE COURT:  So you thought that since you found

13  those two, and those are the only two listed, that you did

14  not have to actually copy those in there?

15      MS. FORELADY:  Yes, Your Honor.

16      THE COURT:  Kathy Stewart.  Ms. Stewart, did you

17  find those two aggravating circumstances beyond a reason-

18  able doubt?

19      JUROR STEWART:  Yes, sir.

20      THE COURT:  And did you find that those two

21  aggravating circumstances outweighed any mitigating

22  circumstances?

23      JUROR STEWART:  Yes, sir.

24      THE COURT:  That was your verdict before you

25  actually reported the first time?

Verdict                                **Page 610**

1     JUROR STEWART:  Yes, sir.

2     THE COURT:  Is that correct?

3     MR. MOORE:  Your Honor, I can't hear the juror.

4     THE COURT:  All right.  You'll need to speak out.

5  That was your verdict?

6     JUROR STEWART:  Yes, sir, it was.

7     THE COURT:  Eudora Little?

8     JUROR LITTLE:  Yes, sir.

9     THE COURT:  Ms. Little, did you find the

10  existence of the two aggravating factors beyond a reason-

11  able doubt?

12     JUROR LITTLE:  Yes, sir.

13     THE COURT:  Did you find those outweighed any

14  mitigating circumstance?

15     JUROR LITTLE:  Yes, sir.

16     THE COURT:  And that was your verdict prior to

17  the time you attempted to report the first time?

18     JUROR LITTLE:  Yes, sir.

19     THE COURT:  Mr. Brewington?

20     JUROR BREWINGTON:  Yes, sir.

21     THE COURT:  Did you find the existence of the two

22  aggravating circumstances were proven by the evidence

23  beyond a reasonable doubt?

24     JUROR BREWINGTON:  Yes, sir.

25     THE COURT:  Did you find that those two

Verdict                                    Page 611

outweighed any mitigating circumstances?

JUROR BREWINGTON: Yes, sir.

THE COURT: And was that your verdict prior to the time the jury attempted to report their verdict?

JUROR BREWINGTON: Yes, sir.

THE COURT: And what I stated earlier was correct, that you assumed that since you found both of them you did not have to write those in there?

JUROR BREWINGTON: Yes, sir.

THE COURT: And that's why you made these other explanations?

JUROR BREWINGTON: Yes, sir.

THE COURT: Mr. Shoulders?

JUROR SHOULDERS: Yes, sir.

THE COURT: Did you find beyond a reasonable doubt that the State had proven from the---or you found from the evidence that the State had proven beyond a reasonable doubt the existence of these two aggravating circumstances?

JUROR SHOULDERS: Yes, sir.

THE COURT: Did you find that those aggravating circumstances outweighed any mitigating circumstances?

JUROR SHOULDERS: Yes, sir.

THE COURT: And that was your verdict prior to the time that you first attempted to report?

1    JUROR SHOULDERS: Yes, sir.

2    THE COURT: Mr. Talley?

3    JUROR TALLEY: Yes, sir.

4    THE COURT: Mr. Talley, did you find that the

5    State had proven the existence of these two aggravating

6    circumstances---

7    JUROR TALLEY: Yes, I did.

8    THE COURT: ---beyond a reanable doubt?

9    JUROR TALLEY: Yes, sir.

10   THE COURT: Did you find that they outweighed

11   beyond a reasonable doubt the mitigating circumstances?

12   JUROR TALLEY: Yes, I did.

13   THE COURT: And that was your verdict prior to

14   the first time the jury attempted to report their verdict?

15   JUROR TALLEY: Yes, sir.

16   THE COURT: Ms. Thompson, did you find that the

17   State had proven these two aggravating circumstances beyond

18   a reasonable doubt?

19   JUROR THOMPSON: Yes, Your Honor.

20   THE COURT: Did you find that they outweighed any

21   mitigating circumstances?

22   JUROR THOMPSON: Yes, Your Honor.

23   THE COURT: And that was your verdict prior to

24   the time that you reported the verdict the first time?

25   JUROR THOMPSON: Yes, Your Honor.


Verdict                                    Page 613

1   THE COURT:  And I believe the verdict is in your

2   handwriting.

3   JUROR THOMPSON:  Yes, Your Honor.

4   THE COURT:  So the first part that you wrote in,

5   you felt was just a word of explanation of why you did

6   that?

7   JUROR THOMPSON:  Yes.

8   THE COURT:  But you had actually already found

9   the existence of those two aggravating circumstances?

10  JUROR THOMPSON:  Definitely, Your Honor.

11  THE COURT:  Ms. Shaw?

12  JUROR SHAW:  Yes, Your Honor.

13  THE COURT:  Ms. Shaw, did you find the State had

14  proven beyond a reasonable doubt the existence of the two

15  aggravating circumstances?

16  JUROR SHAW:  Yes, I did.

17  THE COURT:  Did you find that those outweighed

18  any mitigating circumstances?

19  JUROR SHAW:  Yes, sir.

20  THE COURT:  And that was your verdict prior to

21  the first time the jury attempted to report a verdict?

22  JUROR SHAW:  Yes, sir.

23  THE COURT:  Ms. Stephenson?

24  JUROR STEPEHENSON:  Yes, sir.

25  THE COURT:  Did you find the State had proven

Verdict                                    Page 614

beyond a reasonable doubt the existence of these two aggravating circumstances?

JUROR STEPHENSON: Yes, Your honor.

THE COURT: Did you find that they outweighed any mitigating circumstances?

JUROR STEPHENSON: Yes, Your Honor.

THE COURT: And that was your verdict prior to the first time the jury attempted to report a verdict?

JUROR STEPHENSON: Yes, Your Honor.

THE COURT: Ms. Thomason?

JUROR THOMASON: Yes.

THE COURT: Did you find the State had proven beyond a reasonable doubt the existence of these two aggravating circumstances?

JUROR THOMASON: Yes, Your Honor.

THE COURT: Did you find that they outweighed any mitigating circumstances?

JUROR THOMASON: Yes, sir.

THE COURT: And that was your verdict prior to the first time that you reported?

JUROR THOMASON: Yes.

THE COURT: Mr. Woodard, did you find beyond a reasonable---that the State had proven beyond a reasonable doubt the existence of these two aggravating circumstances?

JUROR WOODARD: Yes, Your Honor.

Verdict

1  THE COURT: Did you find that those aggravating
2  circumstances outweighed any mitigating circumstances?
3  JUROR WOODARD: Yes, Your Honor.
4  THE COURT: And that was your verdict prior to
5  the first time the jury attempted to report?
6  JUROR WOODARD: Yes, Your Honor.
7  THE COURT: Ms. Witt?
8  JUROR WITT: Yes, sir.
9  THE COURT: Did you find the State had proven
10 beyond a reasonable doubt the existence of these two
11 aggravating circumstances?
12 JUROR WITT: Yes, Your Honor.
13 THE COURT: Did you find that those aggravating
14 circumstances outweighed any mitigating circumstances?
15 JUROR WITT: Yes, Your Honor.
16 THE COURT: And that was your verdict prior to
17 the time that the jury attempted to report first?
18 JUROR WITT: Yes, Your Honor.
19 THE COURT: Ms. Settle?
20 JUROR SETTLE: Yes.
21 THE COURT: Ms. Settle, did you find the State
22 had proven beyond a reasonable doubt the existence of these
23 two aggravating circumstances?
24 JUROR SETTLE: Yes, Your Honor.
25 THE COURT: Did you find that those aggravating

Verdict                                    Page 616

circumstances outweighed any mitigating circumstances?

JUROR SETTLE: Yes, Your Honor.

THE COURT: And that was your verdict from the beginning?

JUROR SETTLE: Yes, sir.

THE COURT: Either side, would they like to ask the jury because either side's entitled to have the jury polled?

MR. BEVIL: No, Your Honor.

MR. MOORE: No, Your Honor.

THE COURT: Jurors, we do appreciate your service in this case, and we appreciate the fact that we have taken a week of your life, brought you from your home county of Gallatin to Hamilton County to hear this case. We especially appreciate the fact that you've been sequestered about 150 miles from home. I know it has not been easy for you. We do appreciate your service. As I told you before, it is probably the highest civic duty a citizen can perform, other than defense of the country. So we do appreciate that.

At this time I would like to ask you about that. Do any of you have any strong feelings that that shouldn't have occurred, that you shouldn't have been brought to Hamilton County?

(No affirmative responses.)

Verdict                                    Page 617

2

IN THE CRIMINAL COURT OF TENNESSEE AT CHATTANOOGA

THE ELEVENTH JUDICIAL DISTRICT


STATE OF TENNESSEE,       )    Cases No. 175504
         Appellee,   )          175425
                 )          175423
                 )
                 )
VS.               )
                 )
                 )
                 )
HAROLD WAYNE NICHOLS,   )
         Appellant.   )


### TRANSCRIPT OF THE EVIDENCE

Volume One of Five Volumes


THE HONORABLE DOUGLAS A. MEYER, PRESIDING JUDGE


### APPEARANCES

FOR THE APPELLEE:

      Mr. Stephen Bevil
      Assistant District Attorney General
      Hamilton County Justice Building
      Chattanooga, TN 37402

FOR THE APPELLANT:

      Mr. Hugh J. Moore, Jr.
      Ms. Rosemarie Bryan
      Attorneys-at-Law
      1100 American National Bank Building
      Chattanooga, TN 37402

they said that she cried all through the night off and on

and then this morning, just wanting to know where I was and

stuff. So I feel that I probably need to go and take care

of her.

THE COURT: All right. Then we will return you.

Do you have your luggage and everything out at the motel?

JUROR TAYLOR: Yes, sir.

THE COURT: All right. Mr. Eldridge, one of you

will have to go to the motel and get her luggage and one of

you will have to take the car and drive her back to

Gallatin. So the Court will excuse you. It would be a

hardship for you to continue to serve.

(Whereupon, Juror Taylor was excused.)

THE COURT: Let's let the jurors come in. You

all are ready to proceed, is that correct?

MR. MOORE: Yes, Your Honor.

THE COURT: The attorney general is ready to read

the indictment and we'll take the plea and then have the

opening statement by the State.

(Whereupon, the jury returned to open

court and the following proceedings

were had in its presence:)

Indictment No. 175425 was read by Mr. Stephen M.

Bevil, Assistant District Attorney General for the State

of Tennessee, and a plea of guilty was entered by the

Colloquy (Jury Out)                    Page 14

defendant.

Indictment No. 175423 was read by Mr. Stephen M. Bevil, Assistant District Attorney General for the State of Tennessee, and a plea of guilty was entered by the defendant.

Indictment No. 175504 was read by Mr. Stephen M. Bevil, Assistant District Attorney General for the State of Tennessee.

THE COURT: How does the defendant plead to the first count of the indictment charging murder in the first degree by premeditation?

DEFENDANT: In the first count of premeditated murder I plead not guilty.

THE COURT: And how does the defendant plead to the second count of first degree murder by felony murder?

DEFENDANT: I plead guilty, Your Honor.

(Whereupon, the jury was sworn.)

MR. BEVIL: May we approach the bench?

THE COURT: Yes.

(Whereupon, a bench conference was held on the record in the presence of the jury but out of the hearing of the jury and the following proceedings were had:)

MR. BEVIL: In light of the pleas I would like a

3

No. 175491

## A True Bill

FIRST DEGREE BURGLARY
TENNESSEE CODE ANNOTATED 39-3-401

### State of Tennessee

vs

HAROLD WAYNE NICHOLS

Gary D. Gerbitz
District Attorney General

*Anne Wilson*
Grand Jury Foreman or
Grand Jury Forewoman

---

Clerk's summons for the State

Prosecutor ⸗ BUCK TURNER, EAST RIDGE POLICE DEPARTMENT
LARRY HOLLAND, EAST RIDGE POLICE DEPARTMENT
BUTCH BRYSON, EAST RIDGE POLICE DEPARTMENT
DR.          , ERLANGER HOSPITAL, EAST THIRD STREET
FINGERPRINT EXPERT, TBI, DONNELSON, TENNESSEE
SEROLOGIST, TBI, DONNELSON, TENNESSEE
PATRICIA ANN GORE, 810 McHANN ROAD          624-5936

FILED IN OFFICE

1989 ~~Filed~~ AM 11: 27

LEON HALEY, JR., CLERK
BY_____D.C.
FILM SEC:

175491

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

That Harold Wayne Nichols heretofore on the 20th day of December, 1988, in the County aforesaid, did unlawfully, feloniously and burglariously break and enter into the dwelling house of Patricia Ann Gore, by night, with intent to commit a felony, to-wit: Larceny and Aggravated Rape, against the peace and dignity of the State.

DISTRICT ATTORNEY GENERAL

No. 175489

GJ No. 104,207

A True Bill

AGGRAVATED RAPE
TENNESSEE CODE ANNOTATED 39-2-603

State of Tennessee

vs

HAROLD WAYNE NICHOLS

Gary D. Gerbitz
District Attorney General

Grand Jury Foreman or
Grand Jury Forewoman

Clerk's summons for the State

Prosecutor ✓BUCK TURNER, EAST RIDGE POLICE DEPARTMENT
LARRY HOLLAND, EAST RIDGE POLICE DEPARTMENT
BUTCH BRYSON, EAST RIDGE POLICE DEPARTMENT
DR.          , ERLANGER HOSPITAL, EAST THIRD STREET
FINGERPRINT EXPERT, TBI, DONNELSON, TENNESSEE
SEROLOGIST, TBI, DONNELSON, TENNESSEE
PATRICIA ANN GORE, 810 McHANN ROAD          624-5936

175189

STATE OF TENNESSEE, HAMILTON COUNTY

Criminal Court

THE GRAND JURORS for the State aforesaid, being duly summoned, elected, impaneled, sworn and charged to inquire for the body of the County aforesaid, upon their oaths present:

. That Harold Wayne Nichols heretofore on the 20th day of December, 1988, in the County aforesaid, did unlawfully and feloniously engage in sexual penetration with Patricia Ann Gore, by the use of force or coercion, while he, the defendant was armed with a weapon, to-wit: a knife, thereby causing personal injury to Patricia Ann Gore, against the peace and dignity of the State.

_____
District Attorney General

No. 175439

GJ No. P 89-40

# A True Bill

PETIT LARCENY
TENNESSEE CODE ANNOTATED 39-3-1101

## State of Tennessee

vs

(9 HAROLD WAYNE NICHOLS 1425/

Gary D. Gerbitz
District Attorney General

*Anne Wilson*
Grand Jury Foreman or
Grand Jury Forewoman

---

Clerk's summons for the State

Prosecutor ∨BUCK TURNER, EAST RIDGE POLICE DEPARTMENT
LARRY HOLLAND, EAST RIDGE POLICE DEPARTMENT
BUTCH BRYSON, EAST RIDGE POLICE DEPARTMENT
DR.          , ERLANGER HOSPITAL, EAST THIRD STREET
FINGERPRINT EXPERT, TBI, DONNELSON, TENNESSEE
SEROLOGIST, TBI, DONNELSON, TENNESSEE
PATRICIA ANN GORE, 810 McHANN ROAD          624-5936

*James A. Smith*            *Clark Seymour*
*Thomas R. Wilson*          *Annie Anderson*
*Albert J. Christie*        *Nora Belle Hopkins*
*Edward E. Stafford*        *Cleveland T. Name*
*Clement T. Smith*          *J. F. Smith*
*Bessie Q. Shelton*         *J W Smith*

_____ BOND    Filed  AUG 20

_____ JR. CLERK
BY_____ D.C.
FILM REF:_____