**Sec. 6. Trial by jury — Qualifications of jurors. —** That the right of trial by jury shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors.

**Sec. 7. Unreasonable searches and seizures — General warrants. —** That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, are dangerous to liberty and ought not to be granted.

**Sec. 8. No man to be disturbed but by law. —** That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land.

**Sec. 9. Right of the accused in criminal prosecutions. —** That in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentment, a speedy public trial, by an impartial jury of the County in which the crime shall have been committed, and shall not be compelled to give evidence against himself.

**Sec. 10. Double jeopardy prohibited. —** That no person shall, for the same offence, be twice put in jeopardy of life or limb.

**Sec. 16. Restrictions on bail, fines and punishment. —** That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

**Sec. 8. General laws only to be passed.** — The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemptions other than such as may be, by the same law extended to any member of the community, who may be able to bring himself within the provisions of such law. No corporation shall be created or its powers increased or diminished by special laws but the General Assembly shall provide by general laws for the organization of all corporations, hereafter created, which laws may, at any time, be altered or repealed and no such alteration or repeal shall interfere with or divest rights which have become vested.

**22-2-101. Application of chapter.** — (a) The provisions of this chapter shall apply to all grand and petit juries in all circuit and criminal courts of this state in the counties of the population as provided in § 22-2-201. This chapter shall also apply to any law court in any of the said counties.

(b) Each and every private act enacted prior to February 3, 1959, in this state touching in any way upon the subject of juries and jurors and jury commissioners, be and the same are hereby repealed in their entirety, as applicable to all counties in the state having a population of not more than one hundred forty-nine thousand nine hundred ninety-nine (149,999) or as applicable to all counties in the state having a population of more than four hundred eighty-two thousand (482,000) according to the federal census for 1950, or any subsequent federal census.

(c) The method of selecting jurors and jury panels in the chancery courts of this state shall not be affected in any way by the provisions of this chapter, except as provided in § 22-2-311.

(d) In all the counties of this state having a population of one hundred fifty thousand (150,000) or more but less than four hundred eighty-two thousand (482,000) according to the 1950 or any subsequent federal census, jurors and jury panels for the courts in such counties shall continue to be selected in accordance with existing laws.

(e) In all counites of this state having a population of one hundred fifty thousand (150,000) or more according to the 1950 or any subsequent federal census, an additional or alternate juror shall continue to be selected in accordance with the applicable rules of civil and criminal procedure. [Acts 1959, ch. 8, §§ 14, 18, 21; 1961, ch. 124, § 1; 1980 (Adj. S.), ch. 714, §§ 2, 3; 1980 (Adj. S.), ch. 903, §§ 2, 3, 11; T.C.A., § 22-242.]

**39-2-603. Aggravated rape.** — (a) Aggravated rape is the unlawful sexual penetration of a victim by a defendant or the unlawful sexual penetration of a defendant by a victim accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon;

(2) The defendant causes personal injury to the victim;

(3) The defendant is aided or abetted by one (1) or more other persons; and

(A) Force or coercion is used to accomplish the act; or

(B) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless; or

(4) The victim is less than thirteen (13) years of age.

(b) Aggravated rape is a felony punishable by imprisonment in the penitentiary for life or a period of not less than twenty (20) years.

(c) Aggravated rape is a Class X felony. [Acts 1979, ch. 429, § 3; 1980 (Adj. S.), ch. 463, § 2; 1980 (Adj. S.), ch. 788, § 2; T.C.A., § 39-3703; Acts 1988, ch. 953, § 3.]

**39-2-604. Rape.** — (a) Rape is the unlawful sexual penetration of a victim by a defendant or the unlawful sexual penetration of a defendant by a victim accompanied by any of the following circumstances:

(1) Force or coercion is used to accomplish the act;

(2) The actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or

(3) The actor accomplishes sexual penetration by fraud.

(b) Rape is a felony punishable by imprisonment in the penitentiary for a determinate sentence not less than five (5) years nor more than twenty (20) years. [Acts 1979, ch. 429, § 5; 1980 (Adj. S.), ch. 788, § 4; T.C.A., § 39-3705; Acts 1988, ch. 953, § 4.]

**40-14-105. Time before trial — Noncapital offenses.** — Every person accused of any crime or misdemeanor whatsoever shall be entitled to fourteen (14) full days (Sundays and legal holidays excluded) after arrest and the return of the indictment or presentment before being tried for such offense. [Acts 1949, ch. 189, § 1; mod. C. Supp. 1950, § 11736.1 (Williams, § 11760.2); Acts 1976, ch. 482, § 1; T.C.A. (orig. ed.), § 40-2005.]

**40-35-103. Sentencing considerations.** — To implement the purposes of this chapter, the following principles apply:

(1) Sentences involving confinement should be based on the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant;

(2) The sentence imposed should be no greater than that deserved for the offense committed;

(3) Inequalities in sentences that are unrelated to a purpose of this chapter should be avoided;

(4) The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed;

(5) The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed. The length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence; and

(6) Trial judges are encouraged to use alternatives to incarceration that include requirements of reparation, victim compensation and/or community service. [Acts 1989, ch. 591, § 6.]

**40-35-202. Notice of intent to seek enhanced punishment — Statement of enhancement and mitigating factors. —** (a) If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, he shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. Such statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions. The original or certified copy of the court record of any prior felony conviction, bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named therein is the same as the defendant before the court, and is prima facie evidence of the facts set out therein.

(b) In all cases following a finding of guilt, the court may require that:

(1) The district attorney general file a statement with the court setting forth any enhancement or mitigating factors he believes should be considered by the court; and

(2) The defendant file a statement with the court setting forth all mitigating factors known to him and indicating any mitigating factors he believes should be considered by the court. [Acts 1989, ch. 591, § 6.]

**40-35-205. Presentence investigation — Physical or mental examination of defendant. —** (a) Upon acceptance of a guilty plea or upon a verdict or finding of guilty, the court shall, in the case of a felony, and may, in the case of a misdemeanor, direct the presentence service officer to make a presentence investigation and report, except as provided in § 40-35-203 and subsection (b). The presentence service officer shall conduct the investigation necessary to prepare a presentence report, meeting the requirements of § 40-35-207 and any other investigation he deems appropriate or the court directs and shall independently determine the factual basis for any enhancement or mitigating factors asserted by the parties.

(b) With the concurrence of a defendant, a court may direct the presentence service officer to begin the presentence investigation before the adjudication of the guilt of the defendant. Nothing discovered by the presentence investigation may be disclosed to the district attorney general, the court or the jury before acceptance of a plea of guilty or a verdict or finding of guilty unless the defendant concurs. If the presentence investigation is begun before the adjudication of guilt, the information discovered shall be disclosed to the defendant or his counsel, upon request, after the court's acceptance of a plea of guilty or a verdict or finding of guilt.

(c) The court may order a physical or mental examination of the defendant. If the court determines that such an examination should be made, it shall issue an order that the defendant submit to examination at such time and place as designated by the court and that such examination be conducted by a physician, psychiatrist, licensed psychologist or licensed psychological examiner designated by the court. Upon the court's written determination that the defendant is indigent, the court may direct that any physical or mental examination provided for in this section shall be performed by the department of correction or mental health and mental retardation. Such examinations shall be performed on an out-patient basis if appropriate. The costs of such examinations shall be taxed as other costs in cases of indigency.

(d) If the district attorney general and defendant agree on a specific sentence as to the offense classification, length or manner of service of sentence,

and the court accepts the sentence agreement as the appropriate disposition in the case, no presentence report or hearing shall be required unless so ordered by the court. No defendant sentenced to the custody of the department of correction shall be committed or conveyed to the department unaccompanied by the completed presentence report or investigation and report required by § 40-35-209(d)(1). Furthermore, a presentence report or investigation and report shall be prepared on all defendants sentenced to a period of continuous confinement of one (1) year or greater in a local jail or workhouse. This requirement shall not be cause for delay in conveying the defendant to the local institution to which he has been committed. No sentence agreement shall be binding on the court which may either accept or reject such agreement pursuant to Rule 11 of the Tennessee Rules of Criminal Procedure. If the court rejects the sentence agreement, the defendant may elect to have a sentencing hearing with a presentence report. [Acts 1989, ch. 591, § 6.]

**40-35-207. Presentence report — Contents. —** (a) The presentence report shall set forth:

(1) The characteristics and circumstances of the offense committed by the defendant;

(2) The defendant's physical and mental history and condition, family history and background, education, occupation and personal habits;

(3) Information relating to enhancement or mitigating factors asserted by the parties, and its source;

(4) The defendant's record of prior convictions;

(5) Information relating to any enhancement or mitigating factors which may affect the sentence imposed although not asserted by the parties and the source from which the information was obtained;

(6) If a sentence not involving confinement is likely or is sought by an eligible defendant, information to assist the court in deciding whether to grant probation and in imposing conditions for any probation supervision that may be ordered, including the nature and extent of programs and resources available to assist in rehabilitation of the defendant;

(7) If requested by the court, information to assist the court in imposing a fine or restitution, including the financial resources of the defendant, the financial needs of the defendant's dependents, and the gain derived from or loss caused by the criminal activity;

(8) Any statement relating to sentencing submitted by the victim of the offense or the investigative agency;

(9) Information to assist the court in deciding whether to sentence an eligible defendant to an available and appropriate community based alternative to incarceration as provided in chapter 36 of this title and in imposing the terms and conditions for any such sentence; and

(10) Any other matters the court directs to be included.

(b) The presentence report shall not include a recommendation for confinement or nonconfinement of any defendant unless otherwise required by law.

(c) In misdemeanor cases where the court has ordered a presentence report or hearing and in cases in which neither party asserts the existence of any enhancement or mitigating factors, the court may direct the presentence service officer not to include certain types of information normally required in the report. [Acts 1989, ch. 591, § 6.]

**40-35-208. Filing of report — Availability to parties.** — The presentence report shall be filed with the clerk of the court, and complete copies shall be made available to the parties within ten (10) days prior to the sentencing hearing which may be waived by the consent of all parties and the court. [Acts 1989, ch. 591, § 6.]

## Part 4—Appeal of Sentence

**40-35-401. Appeal of sentence by defendant — Time for filing — Grounds — Determination — Standard.** — (a) The defendant in a criminal case may appeal from the length, range or the manner of service of the sentence imposed by the sentencing court. The defendant may also appeal the imposition of consecutive sentences. An appeal pursuant to this section shall be taken within the same time and in the same manner as other appeals in criminal cases. If there is an appeal of the conviction, the appeal of the sentence shall be taken at the same time. There is no appellate review of the sentence in a post-conviction or habeas corpus proceeding.

(b) An appeal from a sentence may be on one (1) or more of the following grounds:

(1) The sentence was not imposed in accordance with this chapter; or

(2) The enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103.

(c) If a sentence is appealed, the appellate court may:

(1) Dismiss the appeal;

(2) Affirm, reduce, vacate or set aside the sentence imposed;

(3) Remand the case or direct the entry of an appropriate sentence or order; or

(4) Direct any further proceedings appropriate or required under the circumstances.

(d) When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct. [Acts 1989, ch. 591, § 6.]

## RULE 12.3  NOTICE OF INTENT TO SEEK
### INCREASED SENTENCE

(a) **Notice in Noncapital Cases.** Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense, and/or as a persistent offender shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial.

(b) **Notice in Capital Cases.** Where a capital offense is charged in the indictment or presentment and the district attorney intends to ask for the death penalty, written notice thereof shall be filed not less than thirty (30) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial. The notice shall specify that the State intends to seek the death penalty and the notice shall specify those aggravating circumstances the State intends to rely upon at a sentence hearing. Specification may be complied with by a reference to the citation of the circumstance.

(c) **Manner of Giving Notice.** Notice under (a) or (b) shall be in writing and filed with the court and served on counsel. Where the notice contains reference to a prior conviction or other sensitive matters the notice may be filed under seal in the discretion of the court.
[Adopted effective August 22, 1984.]

## RULE 16. DISCOVERY AND INSPECTION

**(a) Disclosure of Evidence by the State.**

(1) *Information Subject to Disclosure.*

(A) Statement of Defendant. Upon request of a defendant the State shall permit the defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general; the substance of any oral statement which the State intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogations by any person then known to the defendant to be a law enforcement officer; and recorded testimony of the defendant before a grand jury which relates to the offense charged. Where the defendant is a corporation, partnership, association or labor union, the court may grant the defendant, upon its motion, discovery of relevant recorded testimony of any witness before a grand jury who (1) was, at the time of his testimony, so situated as an officer or employee as to have been able legally to bind the defendant in respect to conduct constituting the offense, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to that alleged conduct in which he was involved. Upon a determination by the State to place co-defendants on trial jointly, the State shall promptly furnish each defendant who has moved for discovery under this subdivision with all information discoverable under this subdivision as to each co-defendant.

(B) Defendant's Prior Record. Upon request of the defendant, the State shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general.

(C) Documents and Tangible Objects. Upon request of the defendant, the State shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the State, and which are material to the preparation of his defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belong to the defendant.

(D) Reports of Examinations and Tests. Upon request of a defendant the State shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general and which are material to the preparation of the defense or are intended for use by the State as evidence in chief at the trial.

(2) *Information Not Subject to Disclosure.* Except as provided in paragraphs (A), (B), and (D) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal State documents made by the district attorney general or other

State agents or law enforcement officers in connection with the investigation or prosecution of the case, or of statements made by State Witnesses or prospective State Witnesses.

(3) *Grand Jury Transcripts.* Except as provided in Rule 6 and subdivision (a)(1)(A) of this rule, these rules do not relate to discovery or inspection of recorded proceedings of a grand jury.

(4) *Failure to Call Witness.* The mere fact that a witness' name is on a list furnished under this rule shall not be grounds for comment upon a failure to call the witness.

(b) **Disclosure of Evidence by the Defendant.**

(1) *Information Subject to Disclosure.*

(A) Documents and Tangible Objects. If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the State, the defendant, on request of the State, shall permit the State to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

(B) Reports of Examination and Tests. If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the State, the defendant, on request of the State, shall permit the State to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

(2) *Information Not Subject to Disclosure.* Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or his attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by State or defense witnesses, or by prospective State or defense witnesses, to the defendant, his agents or attorneys.

(3) *Failure to Call Witness.* The mere fact that a witness' name is on a list furnished under this rule shall not be grounds for comment upon a failure to call a witness.

(c) **Continuing Duty to Disclose.** If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, he shall promptly notify the other party or his attorney or the court of the existence of the additional evidence or material.

(d) **Regulation of Discovery.**

(1) *Protective and Modifying Orders.* Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate. Upon motion by a party, the court may permit the party to make such showing, in whole or in part, in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the party's statement shall be sealed and preserved in the records of the court to be made available to the reviewing courts in the event of an appeal.

(2) *Failure to Comply With a Request.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place, and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.

(e) **Alibi Witnesses.** Discovery of alibi witnesses is governed by Rule 12.1.

[Amended effective August 1, 1979; August 22, 1984.]



# RULE 18. VENUE

(a) Except as otherwise provided by statute or by these rules, offenses shall be prosecuted in the county where the offense was committed.

(b) If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county.

(c) Offenses committed on the boundary of two (2) or more counties may be prosecuted in either county.

(d) Offenses committed wholly or in part outside this state, under circumstances that give this state jurisdiction to prosecute the offender, may be prosecuted in any county in which an element of the offense occurs, or in the case of an offense committed wholly outside this state in any county in which the offender is found.

# RULE 21. CHANGE OF VENUE

(a) In all criminal prosecutions the venue may be changed upon motion of the defendant, or upon the court's own motion with the consent of the defendant, if it appears to the court that, due to undue excitement against the defendant in the county where the offense was committed or any other cause, a fair trial probably could not be had.

(b) A motion for change of venue shall be accompanied by affidavit(s) averring facts constituting the alleged undue excitement or other cause upon which the motion is based. The State may file counter-affidavits.



(c) In a multi-county judicial circuit a change of venue shall be to the nearest county in the judicial circuit in which the prosecution is pending where the same cause for change of venue does not exist. If the same cause for change of venue exists in all other counties in the judicial circuit, the venue shall be changed to the nearest county where the same cause for change of venue does not exist.

(d) In a single-county judicial circuit the venue shall be changed to the nearest county where the same cause for change of venue does not exist.

(e) If in the opinion of the court there are two (2) or more adjoining counties, or counties about equidistant, to which the case might be

removed under the provisions of this Rule, the court shall determine to what county the cause shall be removed.

(f) If a change of venue is ordered, the clerk shall make out a full and complete transcript of the record and proceedings in the cause, and transmit the same, together with the indictment and all other papers on file, to the clerk of the receiving court, which transcript shall be entered on the minutes of the receiving court.

(g) The sheriff of the county, if the defendant is in his custody, shall, on the order of the court, transfer and deliver such defendant to the sheriff of the county to which the venue is changed, who shall receive and detain the defendant in custody until legally discharged.

(h) The receiving court may release the defendant on bail or upon his own recognizance.

(i) The receiving court shall take cognizance of the cause, and proceed therein to trial, judgment, and execution, in all respects as if the indictment had been found in that court.

(j) The receiving court may also enforce the attendance of the prosecutor and witnesses, both on behalf of the state and of the defendant, by recognizance or undertaking of bail, as in other cases.

(k) All fines and forfeitures in such cases go to the county in which the indictment was found, and judgment must be rendered accordingly. The fees of all jurors and witnesses, on being properly certified by the clerk of the receiving court, are a charge on the county in which the indictment was found, in like manner as if the trial had not been removed.

## RULE 32. SENTENCE AND JUDGMENT

(a) **Sentence in Cases Where Offense Was Committed Prior to July 1, 1982.** Upon a verdict or plea of guilty, sentence shall be set as provided by law. In any case wherein an appeal lies, and the law permits a suspended sentence, if the defendant desires to petition for a suspended sentence, he may do so within five (5) days after the overruling of his motion for a new trial or motion in arrest of judgment, whichever comes last. A record shall be made of the hearing upon the petition. The filing of the petition is no waiver of the right of appeal, whether the petition be granted or not. The judgment of the trial judge upon the petition is reviewable upon appeal by either the defendant or the state. A petition for a suspended sentence may not be filed after appeal. The trial judge shall hear all petitions for suspended sentences which have already been filed before the notice of appeal, and, in those cases wherein a notice of appeal of the conviction is filed before a petition for a suspended sentence is filed, the trial judge shall hold a hearing upon the petition within the time previously allowed for the filing of the transcript so as to make possible the inclusion in the transcript upon the petition for a suspended sentence.

(b) **Sentence in Cases Where Offense Was Committed on or After July 1, 1982.** Upon a verdict or plea of guilty, sentence shall be set by the court except as to habitual criminal charges or capital cases where notice has previously been given. Where the court is to impose sentence, the sentence shall be fixed as provided by law.

(c) **Concurrent or Consecutive Sentences.**

(1) *Multiple Sentences From One Trial.* If the defendant is convicted upon one trial of more than one offense, the trial judge shall determine whether the sentences shall be served concurrently or consecutively. Unless it is made to affirmatively appear that the sentences are consecutive, they shall be deemed to be concurrent. If the court orders that the sentences be served consecutively or concurrently, the order shall specifically recite the reasons for such ruling and such judgment is reviewable on appeal.

(2) *Sentence When Defendant Has Prior Sentence Not Fully Served.* If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefore, and is reviewable on appeal. Should prior unserved in-state sentences not be called to the attention of the trial judge by or on behalf of the defendant at the time of sentencing, and set out in judgment setting the new sentence, the new sentence shall be deemed to be consecutive to any such undisclosed prior unserved sentence or sentences; and this rule shall also apply when the defendant is convicted of a misdemeanor while on parole from a prior sentence, and the parole is subsequently revoked. If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

(3) *Mandatory Consecutive Sentences.* Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

(A) to a sentence for a felony committed while on parole for a felony;

(B) to a sentence for escape or for a felony committed while on escape;

(C) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and

(D) any other ground provided by law.

(d) **Release After Conviction, Pending Further Proceedings.** The setting of bail or release upon recognizance is a matter of right for one convicted of a misdemeanor, pending the exhaustion of all direct procedure in the case. In those convictions for felonies where the law permits release on bail or recognizance after the verdict of guilty has been returned, the trial judge may order such release pending further proceedings in a trial court or upon direct appeal. If such release is applied for in a felony case and refused, the trial judge shall enter upon

the minutes the reasons for the ruling, and this action is reviewable. If no such application is made in the trial court pending appeal until after the case is pending in an appellate court, application may still be made in the trial court wherein the conviction was entered or in the appellate court at a time when it is sitting in the Grand Division of the state wherein the appeal is pending.

(e) **Judgment.** A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

(f) **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

(g) **Revocation of Probation.** Probation shall only be revoked after a hearing conducted according to law, and the judgment upon such a hearing is appealable by the losing party. The defendant may be released pursuant to applicable law pending such hearing and/or such appeal.

[Amended effective August 1, 1979; August 22, 1984.]

1516        PRIVATE ACTS, 1931     Chapter 564

## CHAPTER NO. 564.

### HOUSE BILL No. 1266.

#### (By Hamilton Delegation)

AN ACT to create a Board of Jury Commissioners for counties in this State having a population of not less than one hundred and fifty-nine thousand or more than one hundred and sixty thousand inhabitants, by the Federal Census of 1930, or by any subsequent Federal Census, to prescribe the duties of members of said Board and to provide for a Clerk of said Board; and for his oath and duties and to punish violation of the provisions of this Act; to provide for jury lists and jury boxes to be kept; to provide a system for selecting petit jurors for the Circuit and Criminal Courts, to provide for the service of jurors interchangeably between the Circuit, Criminal and Chancery Courts in the counties affected by this Act and to define the qualification of such jurors in certain particulars; and to repeal all laws and parts of laws in conflict with this Act.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That there shall be a **Applies to Hamilton County** Board of Jury Commissioners for each county in this State having a population of not less than one hundred and fifty-nine thousand or more than one hundred and sixty thousand inhabitants, by the Federal Census of 1930, or by any subsequent Federal Census, and that said Jury Commissioners shall be appointed on the first Monday of July, 1931, the said commissioners then appointed to hold office until the first Monday in January, 1933, and after that time said commissioners shall be elected on the first Monday of January of every other year, said appointment to be made jointly by the Judges of the Circuit Courts, Criminal Courts and Chancery Court or Courts in the counties affected by this Act.

Said Board shall consist of three discreet persons who are householders and freeholders of the county, and who are not practicing attorneys at law or State or county officers, and who have no suit pending in said court at the time of their or his appointment, and not more than two of whom shall belong to the same political party; each of whom shall be appointed for a term of two years.

All vacancies occurring in said Board, either from death, resignation, or otherwise, shall be filled in the same manner as the original appointments are made.

In the event that at any time when, by the provisions of this Act, it shall be the duty of said Board to discharge any of the duties hereinafter imposed, it shall appear by the affidavit of any member thereof or by the certificate of a reputable physician that such member is by temporary sickness or physical disability or for some other good and sufficient reason unable to attend and discharge such duty or duties, then said affidavit or certificate shall be filed in the office of the Circuit Court Clerk, and the two remaining members shall constitute the Board and discharge said duties.

SEC. 2. *Be it further enacted,* That the Jury Commissioners, before entering on the discharge of their duties, shall take and subscribe before an officer authorized to administer oaths the following oath, viz.:

"I, A. B., do solemnly swear (or affirm) that I will faithfully and impartially discharge the duty of Jury Commissioner for the county of (filling in name) to the best of my knowledge and ability; that I will not place the name of any person on said jury list or in the jury box whom I believe to be corrupt and unfit, or who has to my knowledge solicited or had others to solicit that his name be placed on the jury list or in the jury box; that I will keep secret and inviolate the deliberations and counsel of the Jury Commissioners while in the discharge of their duties, unless called upon to give evidence thereof in some court of justice or other legal tribunal of this State, so help me God."

Said oath shall be spread upon the minute of the Circuit Court and the original preserved as a part of the records of said commissioners.

SEC. 3. *Be it further enacted,* That immediately after their appointment and qualification said Jury Commissioners shall meet and organize by the election of one of their members as chairman. The Clerk of the Circuit Court shall be the Clerk of the Board of Jury Commissioners, and shall perform all the clerical duties required by law.

Before entering upon the performance of his duties as Clerk of said Board he shall take and subscribe to an oath to faithfully discharge his duties as required by law, and that he will never divulge any of the proceedings and deliberations of the Jury Commissioners unless compelled to testify thereto in some court in this State.

This oath shall be spread upon the minutes of the court and the original preserved as a part of the records of the commissioners.

SEC. 4. *Be it further enacted,* That it shall be the duty of each and every Justice of the Peace in counties subject to the provisions of this Act to furnish to said Jury Commissioners a list of persons qualified by existing laws for jury service who are residents of the civil district from which such Justice was elected, and who are men of good character; and it shall be the duty of said Jury Commissioners to call for and receive such lists, and from said lists and from the tax books of said county and from any other reliable sources of information said Jury Commissioners shall select the names of upright and intelligent men known for their integrity, fair character, and sound judgment from each and every district in the county, and proportion to the population of such districts as near as may be, who have not served on any regular or grand jury in the county within the preceding twelve months, and who possess the qualifications for jurors otherwise prescribed by law, *provided* said list shall not for any

one county contain more than 6,000 names nor less than 1,000 names.

Said list shall constitute the jury list for one year from making thereof, and shall not during said year be added to or taken from except as hereinafter provided.

The Circuit Court Clerk of the Board shall purchase for the Board a suitable and well-bound book in which to record said list.

At the top of each page of said book shall be written or printed the words: "Jury Lists for —— County" (filling in the name of the county). Said book shall be so ruled as to leave a space at the left hand of each page for the names, and at the right hand side for such entries as are hereinafter provided for.

Preceding the lists of names in said book shall be written these words: "Jury list selected by the Board of Jury Commissioners for ——————— County, the ——— day of ——————— (filling in the name of the county and date). Immediately following this shall be recorded the lists of jurors selected placing one name on each line, arranging the names in alphabetical order and numbering them consecutively, beginning with number one.

After each name shall be placed in parenthesis the initials of commissioners proposing such name, but no name shall be placed on said list except by a majority vote of the Board of Commissioners. At the end of the list shall be written and signed by the commissioners the following:

"We certify that the foregoing is the jury list selected by us the ——— day of ——————— (filling in the date.) The commissioners report the list to the next term of the Circuit Court of —— (filling in the name of the county). ·

"We, the Jury Commissioners for said county, respectfully submit the following as the jury list selected by us for the next year as shown by the jury

book herewith, viz.: (here shall follow a complete list of names)."

Each of the names on said list shall be written on a slip or scroll of paper and placed in a box to be known as the jury box and so labeled.

Said box shall be kept securely locked and under seal, and it shall not be unlocked or the seal broken except by the order of and in the presence of the Board, and then only for the purpose of drawing therefrom names of jurors or making a new list as herein provided, or in open court by order of the Circuit or Criminal Courts for good and sufficient causes.

Said jury book shall be kept in secret by the Clerk, under lock and key, and no one shall be allowed to inspect the same except the Clerk, the presiding Judge or Judges and Jury Commissioners.

It shall be the duty of the Clerk of the Circuit Court to record the jury list in said jury book and to write the names or numbers on said slips or scrolls. For these services he shall be entitled to a fee of Five Cents for each name on said list, to be paid by the county on the certificate of the Circuit Judge that the services have been rendered.

SEC. 5. *Be it further enacted,* That not less than ten days nor more than fifteen days before each regular or special term of the Circuit Courts or Criminal Courts said Board shall unlock the jury box and break the seal thereof; and after having well shaken the same cause to be drawn therefrom, in the presence of the Board, by a child under twelve years of age, or an adult blindfolded, a number of names equal to the number of jurors required, and the Judge of the Circuit or Criminal Court, or the number designated by order of the Court, as herein provided, to constitute the regular panel of grand and petit jurors for such term of Court. In the event a name or names of a person or persons known

by the commissioners to have died or removed from the county, or to be mentally or physically disabled, shall be drawn, such name or names shall be put aside and another name or names drawn in its or their stead.

When in this way the required number of names have been drawn, the slips or scroll on which they have been written shall be placed in a sealed envelope and safely kept by the chairman of the Board and delivered by him or one of his associates on said Board in open Court to the Judges of the Courts on the first day of the term.

In the same manner all names which may have been drawn and put aside as above provided shall be kept and delivered in open Court.

A report shall also be prepared by the Clerk of the Board substantially as follows:

To the Honorable ——— Court of ——— County (filling in the name of the Court, whether Circuit or Criminal, and also the name of the county): We, the Jury Commissioners for said county, respectfully report the following as the regular panel of grand and petit jurors which have been drawn according to law for the ——————— term of said Court, viz.: (filling in the blank before the word "term," and then copying the names drawn from the jury box).

If any names have been drawn and put aside as above provided there should be added to the report substantially the following:

"In addition to the above, there were drawn from the jury box the following names of persons known to the Board to have died, removed from the county, or become mentally or physically disabled, viz.: (here copying such names).

If, as heretofore provided, any member of the Board cannot be present at said drawing, these facts shall be stated, in the report, which shall be signed by the members actually present at the drawing.

This report shall be delivered to the Clerk of the Circuit or Criminal Court, according to the Court for which said panel has been drawn, and by him filed in his office, and the date of such filing endorsed thereon.

Thereafter and at least five days before the next regular or special term of such Court, the Clerk of the Court shall issue to the Sheriff a writ, *venire facias,* commanding him to summons the persons whose names are set out in said report as the jurors for said term of Court, and it shall be the duty of the Sheriff to serve same as now provided.

At such regular or special term of the Court the Judge thereof shall first compare the list contained in the report filed with the Clerk with the names on the slips or scrolls delivered in open Court by the chairman of the Board or by one of his associates; and if they correspond, they shall constitute the panel of grant and jurors for that term of the Court, and said report shall be spread upon the minutes of the Court. From this panel the grand and petit jury shall be made up as now provided by law, examining each proposed juror to ascertain whether he is qualified. In the event that by reason of the disqualification of proposed jurors or other cause the required number of jurors cannot be obtained from the said panel, the Clerk of the Circuit Court shall produce in open Court the jury box, and said box shall be opened, and there shall be drawn therefrom in the manner provided for the original drawing, except that it shall be done in open Court instead of in the presence of the Board, the number of names deemed by the Judge sufficient to complete the juries. This process shall if necessary be continued until the grand and petit jurors are completed; *provided* it shall be the duty of the Judge of each Circuit and Criminal Court to make a rule or order of Court, entered on the minutes designating how many jurors shall be in attendance to supply

the places of such jurors as shall be disqualified in particular cases, and further directing how many names shall be drawn by the Board for each term, including such number as he deems necessary to insure the prompt impaneling of the juries.

The Sheriff or his legally authorized deputies shall make due return of said writ of *venire facias,* showing how he has executed the same; and a failure to make said return or the making of a false return shall be a misdemeanor in office, and it shall be a misdemeanor for any person, by notice, request, intimidation, or otherwise, to prevent or seek to prevent any juror or jurors whose names appear upon said writ of *venire facias* from attending Court according to the command of said writ; *provided,* that no juror shall serve more than three (3) weeks within any period of one year, except so far as necessary to finish the trial of a case pending when the period of three (3) weeks may have expired, and service of any juror upon any regular jury within twelve (12) months next preceding shall entitle the juror to be excused, and shall be ground of challenge; *provided, further,* that said limitation of jury service to three (3) weeks shall not apply to juries in Criminal Courts, but that juries in Criminal Courts shall serve until the completion of the work of the term for which they are impaneled; *provided, further,* that in event the required number of jurors cannot be obtained from the names appearing upon said writ of *venire facias,* and it shall be necessary that said jury box be produced in open Court for other names to be drawn, and where the jurors whose names are so drawn reside at remote and inconvenient distances, the Court shall be authorized to place their names aside in a receptacle and continue the drawing until the requisite number of jurors has been drawn who can be summoned without unreasonable delay. In such case the names of the jurors drawn and residing at inconvenient dis-

tances and which have been set aside shall be returned to the jury box; *provided, further,* that in designating the number of jurors to be summoned, the Court shall designate upon the minutes the number of jurors to be summoned for each period of three (3) weeks; and the Clerk shall issue a separate writ of *venire facias* for the jurors to be summoned for each period of three (3) weeks, specifying on the face of the writ the time for which the jurors shall attend.

SEC. 6. *Be it further enacted,* That a list shall be kept by the Clerk of the Court of all persons whose names are drawn from the jury box, but who for any reason other than that they are not qualified do not serve as regular jurors; and when the juries are made up an entry shall be spread upon the minutes showing a list of such persons, and their names shall in open Court be put back in the jury box, the Court ordering the box to be opened for that purpose. A list of those constituting the regular grand and petit jurors shall also be spread on the minutes, and it shall be the duty of the Clerk of the Circuit Court to enter in the space following the name of every such juror on the jury list the following words: "Regular Jury," and also the date of such service on the jury. In counties where the Criminal and Circuit Courts are separate the Clerk of the Criminal Court shall, during each term of his Court furnish a list of the regular jurors serving to the Clerk of the Circuit Court, and from the list the latter shall make the entries on the jury list required by this Section.

SEC. 7. *Be it further enacted,* That whenever the Judge is satisfied that in any case a jury cannot be obtained from the regular panel, he may, but not earlier than three days before the case is assigned for hearing, cause the jury box to be brought

into open Court and such number of names as he
deems sufficient to obtain such jury to be drawn
therefrom, and the Sheriff shall forthwith summon
the persons whose names are so drawn from the
panel so drawn and summoned, and the regular
panel shall be made up if practicable. If not, an-
other panel shall likewise be drawn and summoned
instanter, and so on until the jury is completed or
jury box exhausted; if the jury box is exhausted
before the jury is completed the Sheriff shall sum-
mon such other men as may be designated by the
presiding Judge until the jury is complete; *provided,*
that in case of emergency as found by the Court,
whose judgment shall be final, the presiding Judge
may, in his discretion, where the regular panel has
been exhausted before the jury is completed, fur-
nish the Sheriff with additional names, who shall
forthwith be summoned by the Sheriff and so on
until the jury is completed. The Judge shall not
place on the list the name of any person who seeks
directly or indirectly through another to be sum-
moned as a juror, and such solicitation shall oper-
ate to disqualify said person for any jury service.
It shall be a misdemeanor, punishable by fine of not
less than Twenty-five Dollars nor more than Fifty
Dollars, for any person to request or to have an-
other request said Jury Commission or either of
its members, or any Justice of the Peace of the
county to be placed upon said jury list. The names
drawn from the jury box under this Section shall be
carefully preserved and returned to the jury box,
whether such person serve on the jury or not, in the
same manner as hereinbefore provided with respect
to those drawn but not serving as regular jurors.
It shall not be cause for challenge of a person drawn
or summoned under this Section that he has served
on a regular jury within one year, nor shall service
on a jury under this Section disqualify or excuse
him from service on the regular juries if his name

is regularly drawn from the box thereafter. The Clerk of the Court shall keep a list of all persons serving on juries as provided in this Section, and at the close of each term shall furnish the same to the Clerk of the Board, who shall enter opposite each such name the words: "Served on special jury," together with the date of such service.

SEC. 8. *Be it further enacted,* That the Court shall not have the right to excuse any person summoned as a juror who is qualified for service unless it be made to appear upon oath given orally in open Court to the satisfaction of the Court that the state of his own health or that of his family require his absence, or that some pressing and urgent business engagement, the neglect of which would cause irreparable loss, or the public service will be materially injured by his attendance, and such details shall be given as will clearly show the reason therefor to the satisfaction of the Court.

If excused, it shall be only for such time as the cause for excuse exists. If any reason of excusing of jurors under this Section it becomes necessary to have additional jurors during the term, they shall be drawn and summoned, the drawing to be done in open Court as provided in Section 5 of this Act. Nothing in this Act shall be construed as prohibiting a Judge from discharging a juror for good cause to him appearing.

SEC. 9. *Be it further enacted,* That before the Clerk delivers to the Sheriff or his deputies the writ for the regular panel, or any writ for names of jurors, otherwise drawn or prepared by the presiding Judge, he shall administer an oath to said Sheriff or deputies to keep said names secret, and instruct them to caution such jurors as summoned not to divulge the fact that they have been summoned as jurors.

SEC. 10. *Be it further enacted,* That the jury list herein provided for shall be prepared as soon as practicable after the passage of this Act.

On the first Monday in July, 1931, or as soon thereafter as practicable and annually thereafter the Board shall make out a new jury list, the names in the jury box being first removed; *provided,* that if within one year the number of names remaining in the jury box shall have been reduced until they are less than one-third of the names on the jury list, then a Judge of the Circuit or Criminal Court or Courts shall be an order made either at chambers or in open Court require the Board to renew the list and box as though the year had expired

SEC. 11. *Be it further enacted,* That when a new jury is to be made, the Board shall if practicable not put thereon the names of those on the list for the preceding year who have actually served during that time as regular jurors.

SEC. 12. *Be it further enacted,* That if for any reason the Court should at any time discover that the jury box had not been filled or renewed, or that the jury list had not been prepared or renewed as required by law, or the panel drawn, or additional names drawn therefrom as required by law, or the jury box had been tampered with, the Circuit or Criminal Judge may have the right to investigate said jury box and also the jury lists, and see that said Act is duly enforced; and should it be discovered that any irregularities or fraud exists, correct same.

If for any reason a legal panel is not furnished a Circuit or Criminal Court at any regular or special term as provided by this Act, then the Judge of said Court shall cause said jury box to be produced in open Court and the required number of jurors to be drawn therefrom for the purpose of making up the

grand jury and the trial juries in case of a Criminal Court or of making up the trial juries where only grand juries are not needed. In such cases the drawing shall be as prescribed for the drawing of additional jurors in Section 5 of this Act, and in no case shall any Judge impanel any juror whose name has not been drawn from the box as prescribed in this Act.

Sec. 13. *Be it further enacted,* That said jurors when duly selected and impaneled by the said respective Judges of the Courts of the counties subject to this Act shall be eligible for service in all of said Courts of said counties during the period of their service and the said Judges shall have power to transfer said jurors or so many of them as may be necessary from one to another of said Courts as the necessities of the public therein may require.

Sec. 14. *Be it further enacted,* That whenever a jury is required for the trial of cases in the Chancery Court or Courts of the counties affected by this Act, the presiding Chancellor or Chancellors of said Court or Courts may make requisition upon one or more of the Judges of the Circuit and Criminal Courts for the number of jurors required and the Judges of the Circuit and Criminal Courts shall furnish such jurors from those not then engaged in said Courts, *provided* in case said Circuit and Criminal Courts are not in session or cannot have a sufficient number of jurors available within a reasonable time the said Chancellor or Chancellors shall have the power to impanel juries as now provided by law.

Sec. 15. *Be it further enacted,* That it shall be a misdemeanor for any Jury Commissioner, the Clerk of the Court, his deputy, or the Sheriff or any of his deputies to divulge any of the secrets of said Jury Commissioners, or to notify anyone what name

or names constitute the panel or any part of it for the Court, or any name or names drawn from the jury box for service in any case pending in Court, or to fail to perform any duty imposed by this Act, and upon conviction thereof they shall pay a fine of not less than Forty Dollars and be imprisoned in the county jail not less than thirty days, one or both in the discretion of the Court trying the case, and shall be removed from office and be ineligible to hold any State or county office for a period of five years. It shall be also a contempt of Court punishable by the Circuit Court upon its own motion or upon the petition of the District Attorney for any Jury Commissioner, Circuit Court Clerk, or any other person to open any jury box except as herein provided, or to destroy, deface, or remove without authority such box, or to change, deface or remove without authority any jury list, or to assist in or connive at any such acts or for any custodian of the jury box or list to knowingly permit any such acts to be done.

SEC. 16. *Be it further enacted,* That the Judge or Judges have the right and authority to remove any or all of said Jury Commissioners for incompetency, failure to perform their duties as required by law, or corruption in office, or for any other good and sufficient reason upon giving five days' notice to said Commissioner or Commissioners of the time and place of taking action thereon and the grounds therefor.

SEC. 17. *Be it further enacted,* That said jurors shall be required to serve for not longer than three weeks, but such service need not be in consecutive succeeding weeks, but shall be under the control of the said Courts as to the time of service, and it shall be the duty of the jurors to report for service as directed by said Courts. No person shall be required to serve on a regular jury panel more than

one time in one year; *provided, however,* that such service within one year shall not disqualify a person for jury service, nor shall it be cause for challenge.

SEC. 18. *Be it further enacted,* That the grand jurors shall be drawn, summoned, empaneled and charged by, and shall be under the general supervision of the First Division of the Criminal .Court if there be more than two divisions of the Criminal Court in the county affected by this Act and that nothing herein shall be construed as affecting or interfering with the organization of the said grand jury, under existing laws.

SEC. 19. *Be it further enacted,* That the Jury Commissioners shall receive Three Dollars for every day's service while actually engaged in making up the jury lists to be paid from the county treasury.

SEC. 20. *Be it further enacted,* That the book for recording the jury list, also the jury box, shall be purchased by the Circuit Court Clerk and paid for by the county, and the Circuit Court Clerk shall be the custodian of said book and box, which book and box shall not be opened for inspection except to the commissioners themselves and the Courts theretofore referred to.

SEC. 21. *Be it further enacted,* That in the absence of fraud, no irregularity with respect to the provisions of this Act shall affect the validity of any action of the grand jury if this Act has been substantially complied with or the validity of any verdict rendered by a trial jury unless such irregularity has been especially pointed out and exceptions taken thereto before the jury is sworn.

SEC. 22. *Be it further enacted,* That the provisions of this Act shall apply to all grand and petit juries in all Circuit and Criminal Courts of the counties affected by this Act.

SEC. 23. *Be it further enacted,* That all laws and parts of laws in conflict with this Act are hereby repealed.

SEC. 24. *Be it further enacted,* That this Act take effect from and after its passage, the public welfare requiring it.

Passed June 23, 1931.

WALTER M. HAYNES,
*Speaker of the House of Representatives.*

A. B. BROADBENT,
*Speaker of the Senate.*

Approved June 26, 1931.

HENRY H. HORTON,
*Governor.*

———

# CHAPTER NO. 565.

## HOUSE BILL No. 1212.

### (By Mr. Earthman)

AN ACT entitled, An Act to repeal Chapter No. 173, of the Private Acts of the General Assembly of Tennessee for the year 1925, being An Act to incorporate the City of Lavergne, Rutherford County, Tennessee.

SECTION 1. *Be it enacted by the General Assembly of the State of Tennessee,* That Chapter No. 173, of the Private Acts of the General Assembly of Tennessee for the year 1925, being an Act to incorporate the City of Lavergne, Rutherford County, Tennessee, be and the same is hereby repealed.

## § 15A-1221. Order of proceedings in jury trial; reading of indictment prohibited.

(a) The order of a jury trial, in general, is as follows:

(1) The defendant must be arraigned and must have his plea recorded, out of the presence of the prospective jurors, unless he has waived arraignment under G.S. 15A-945.

(2) The judge must inform the prospective jurors of the case in accordance with G.S. 15A-1213.

(3) The jury must be sworn, selected and impaneled in accordance with Article 72, Selecting and Impaneling the Jury.

(4) Each party must be given the opportunity to make a brief opening statement, but the defendant may reserve his opening statement.

(5) The State must offer evidence.

(6) The defendant may offer evidence and, if he has reserved his opening statement, may precede his evidence with that statement.

(7) The State and the defendant may then offer successive rebuttals as provided in G.S. 15A-1226.

(8) At the conclusion of the evidence, the parties may make arguments to the jury in accordance with the provisions of G.S. 15A-1230.

(9) The judge must deliver a charge to the jury in accordance with the provisions of G.S. 15A-1231 and 15A-1232.

(10) The jury must retire to deliberate, and alternate jurors who have not been seated must be excused as provided in G.S. 15A-1215.

(b) At no time during the selection of the jury or during trial may any person read the indictment to the prospective jurors or to the jury. (1977, c. 711, s. 1; 1977, 2nd Sess., c. 1147, s. 2.)

### OFFICIAL COMMENTARY

This section is primarily based upon N.Y. Crim. Proc. Law § 260.30. See also Uniform Rules, Rule 521.

New features in this section include the requirement that the arraignment be out of the presence of prospective jurors and the authorization of opening statements by the parties — as the pleadings will not be read to the jury. See G.S. 15A-1213.

The Commission was aware that requiring arraignments to be held out of the presence of the prospective jurors may cause difficulties in some courthouses, but determined that the objective was desirable enough to be worth the trouble. The Commission thought that jurors hearing the stilted language of indictments and other pleadings and witnessing various motions upon arraignment are likely to get a distorted view of the case. It determined that the initial speech by the judge telling the jurors about the case, under G.S. 15A-1213, plus opening statements of the parties would be a far superior method of telling the jurors about the case and what to look and listen for.

The wording of subdivision (6) is designed to insure that a defendant is allowed to use a reserved opening statement only if he presents evidence. Otherwise, he would in effect be given an additional closing argument.

It should be noted that the order of trial set out in this section is that generally to be followed. It does not preclude a differing order if authorized by the common law or other applicable statutes or rules of court. An example is the defense of confession and avoidance entered by a defendant, which alters the order of proof in the case.

---

Editor's Note. — This section was enacted by Session Laws 1977, c. 711, s. 1. Section 34 of that act provides: "All statutes which refer to sections repealed or amended by the act shall be deemed, insofar as possible, to refer to those provisions of this act which accomplish the same or an equivalent purpose." Section 36 of that act contains a severability clause. Section 39 of that act, as amended by Session Laws 1977, 2nd Sess., c. 1147, s. 32, provides: "This act shall become effective July 1, 1978, and applies to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him, except that the provisions of this act regarding parole shall not apply to persons sentenced before July 1, 1978."

Legal Periodicals. — For article reviewing trial procedure under Subchapters XI and XII, see 14 Wake Forest L. Rev. 949 (1978).