UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HAROLD WAYNE NICHOLS,                    )
                                          )
            Petitioner,                   )
v.                                        )                    No. 1:02-cv-330
                                          )                    *Edgar/Inman*
RICKY BELL, WARDEN, Riverbend             )
Maximum Security Institution,             )
                                          )
            Respondent.                   )

## JUDGMENT, ORDER, AND CERTIFICATE OF APPEALABILITY

In accordance with the accompanying memorandum opinion, the Court **GRANTS** the motion

to dismiss by Ricky Bell, Warden ("respondent") [Court File No. 119]. The Court **DISMISSES** all

petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Harold Wayne Nichols

("petitioner") [Court File Nos. 9, 34, 35, 82].[1] Additionally, petitioner's motion to dismiss certain

claims is **GRANTED** [Court File No. 243].

Under 28 U.S.C. § 2253(c), to obtain a Certificate of Appealability ("COA"), a habeas

applicant must make a "substantial showing of the denial of a constitutional right, . . . a

demonstration that, under *Barefoot [v. Estelle,* 463 U.S.880, 893 (1983)], includes showing that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), *quoting Barefoot v. Estelle,*

---

[1]         Nichols filed several petitions and amended petitions all of which were replaced
with petitioner's corrected amended petition [Court File No. 82].

1

463 U.S. at 893, n.4. When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 & 336 (2003); *Slack*, 529 U.S. at 484. Therefore, when the claims involved have been dismissed on the merits, a petitioner makes a substantial showing of the denial of a constitutional right by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Where a petition has been denied on procedural grounds, the applicant is required to make a somewhat different showing. In this situation an applicant is required to make a two-pronged showing, one focused on the underlying constitutional claim and one on the procedural ruling. *Id.* at 484-85. Thus, it is necessary for an applicant who wishes to appeal issues not decided on the merits to demonstrate that reasonable jurists would find it debatable: (1) as to whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Payton v. Brigano*, 256 F3d 405, 407 n.2 (6th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Since each prong of the § 2253 showing is necessary for issuance of a COA, a court may dispose of the application by resolving first the procedural issue without addressing the viability of the underlying claim. *Slack,* 529 U.S. at 485. When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct.

When individually assessing each claim under the above standards, the Court is mindful of the Supreme Court's opinion cautioning against undue limitations on the issuance of certificates of

appealability: "It is consistent with § 2254 that a COA will issue in some instances where there is no certainty of ultimate relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). A prisoner seeking a COA does not have to prove that some jurists would grant the petition for habeas corpus because a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the prisoner is not entitled to relief. *Id.* at 338. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The Court will address the claims as they are identified in the Table of Contents of its Memorandum Opinion and Order.

**A.      Claims Adjudication in State Court**

**1.      Ineffective Assistance of Counsel at the Guilt Stage (Claim 12)**

**a.      Failure to Investigate Serology Evidence (Claim 12.a)**

Petitioner asserts that trial counsel failed to review serology evidence contained within the Tennessee Bureau of Investigation ("TBI") reports which contained demonstrable evidence that petitioner was excluded as the rapist and murderer of Karen Pulley.

The Court determined the proof in the record reflected that counsel did consider the serology evidence. Petitioner's counsel contemplated having DNA tests run on the serology evidence, but ultimately decided against having such test conducted because it would not be fruitful based on the fact that the slides did not contain sufficient material to make the determinations that needed to be made. Counsel also based this decision on the fact that petitioner had consistently admitted his guilt to authorities, counsel, counsel's investigator, and his petitioner's wife. Therefore, this Court concluded petitioner did not demonstrate that counsel's alleged deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair as the serology evidence was

3

equivocal and inconclusive.[2]  The district court concluded the state court's denial of relief on petitioner's claim of ineffective assistance of counsel for failing to investigate serology evidence was based upon a reasonable determination of the facts and was neither contrary to, nor an unreasonable application of, federal law.

Jurists of reason would not debate the correctness of this Court's ruling that petitioner was not denied effective assistance of counsel and would not debate that the ruling was consistent with *Strickland v. Washington,* 466 U.S. 668 (1984).  Additionally, jurists of reason would not conclude this claim warranted further review.  Accordingly, a COA will not issue with regard to this claim.

### b.  Case of T. R. (Claim 12.b)

Petitioner asserted that trial counsel was ineffective for failing to provide Tennessee Bureau of Investigation serologist, Mike VanSant, with facts that would have transformed his conclusion that the tests he performed on the sperm found in the vagina in the T.R. cases were inconclusive, to a conclusion that petitioner was excluded as a suspect.  The Court concluded it lacked jurisdiction to consider petitioner's claim attacking counsel's performance in the T.R. case, a case not currently pending before this Court.

Jurists of reason would not debate the correctness of the ruling that petitioner is not entitled to habeas relief on his claim that trial counsel failed to provide necessary information to Mr. VanSant in the T.R. case.  Accordingly, a COA will not issue as to this claim.

---

[2]       A recent DNA test revealed that petitioner shares the same genetic profile as the source of the spermatozoa from the Pulley gown and he is identified as the source of the spermatozoa [Court File No. 244].

4

### c. **Alibi Evidence in the T.M. Case (Claim 12.c)**

Petitioner asserts that trial counsel missed solid alibi evidence in the T.M. case which would have demonstrated petitioner was physically at work at Godfather's Pizza in Red Bank, Tennessee, at the time of the rape of T.M. in Tiftonia, Tennessee. Petitioner contends the residence of T.M. was too far from the Red Bank store for petitioner to have been the perpetrator of the rape.

This Court concluded it lacks jurisdiction to consider this claim challenging trial counsel's performance in relation to a conviction for which he has yet to be re-sentenced and for which he has no habeas petition pending. Jurists of reason would not debate this ruling. Therefore, a COA will not issue.

### d. **Coerced Statement (Claims 12.d and 12.e)**

Petitioner claims trial counsel failed to properly debrief him about the circumstances surrounding his interrogation and subsequent confession and, therefore, failed to obtain evidence that his statement was coerced.

This Court concluded that trial counsel's failed attempt to have petitioner's statement suppressed on the grounds of coercion and involuntariness demonstrated that counsel did debrief petitioner and investigated the circumstances surrounding petitioner's confession. Petitioner failed to produce any clear and convincing evidence that the trial court's credibility determinations and the court's factual determination, that petitioner's interrogation lacked coercion, was unreasonable. Therefore, this Court concluded that, absent clear and convincing evidence that those determinations were unreasonable, the trial court's conclusion that the confession was admissible and not coerced was reasonable and this claim was without merit.

This Court alternatively concluded that, even assuming counsel was deficient for failing to investigate the alleged coercive tactics more thoroughly, petitioner did not demonstrate he was prejudiced by counsel's alleged deficient actions because petitioner did not demonstrate what evidence trial counsel would have discovered had they debriefed him more thoroughly regarding his confession. Petitioner did not demonstrate counsel was deficient or that he suffered any prejudice as a result of counsel not debriefing him more thoroughly in the instant case. Therefore, petitioner failed to demonstrate trial counsel rendered ineffective assistance during his criminal proceedings. Consequently, the state court's determination that petitioner did not establish ineffective assistance of counsel was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

Reasonable jurists would not debate the correctness of this ruling or conclude this claim warrants further review. Therefore, the Court will **DENY** issuance of a COA on this claim. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### e. <u>Failure to Attack Confession (Claim 12.f)</u>

Petitioner attacks counsel's performance in relation to their investigation of the circumstances surrounding his interrogation. According to petitioner, if counsel had investigated the circumstances surrounding his interrogation and confession to determine the reliability of petitioner's confessions, counsel would have been prepared to attack his confession both at the hearing on the motion to suppress and at trial.

The state court determined counsel was not deficient for failing to investigate the nature of the interrogation. Observing that petitioner failed to reveal what trial counsel would have uncovered had they conducted a more thorough investigation of the circumstances surrounding his confession,

6

this Court concluded the state court decision was neither unreasonable or contrary to Supreme Court precedent.

Therefore, the Court will **DENY** issuance of a COA on this claim because reasonable jurists would not debate the correctness of this ruling or conclude this claim warrants further review. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### f. <u>Failure to Investigate Critical Evidence (Claim 12.g)</u>

Petitioner alleges his attorneys, convinced of his guilt, failed to investigate evidence suggesting his confession was false. This Court found nothing in the record to reflect petitioner ever told his attorneys any of his confessions were false or that he was not guilty of any of these crimes. Moreover, petitioner has failed to provide any evidence demonstrating his confessions are false or that he is innocent of the murder in the instant case. Petitioner failed to demonstrate the state court conclusion – that the evidence presented at the state post-conviction proceedings did not alter the fact that petitioner consistently admitted his guilt and never provided a basis for trial counsel to challenge his confessions as false – was unreasonable.

Jurists of reason would not debate the resolution of this claim or conclude the issue warrants further review. Accordingly, a COA will not issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### (1) <u>Lack of Physical Evidence (Claim 12.g.i)</u>

Petitioner asserts there is no physical evidence linking him with the subject offense for which he was convicted. Petitioner attacked two pieces of physical evidence under this section: (a) the weapon in S.T. case, and (b) the 2 x 4 piece of lumber in the instant case. This Court declined to address the weapon in the S.T. case because it did not relate to the instant offense. Jurists of reason

would not debate the correctness of the Court's decision to decline to address this matter. Accordingly, a COA will not issue on petitioner's challenge to the weapon in the S.T. case.

In the 2 x 4 lumber claim, petitioner contends no physical evidence links him to the instant case because there is no proof that the 2 x 4 lumber is the same 2 x 4 described in his confession. Petitioner confessed he used a 2 x 4 to kill the victim. Petitioner explained that he had hit Karen Pulley with a 2 x 4 piece of lumber; put it in his car; and later tossed it out his open passenger window, down a sloped wooded area near an intersection. Chattanooga, Tennessee police officers searched the area and found nothing. Shortly afterwards, the area was searched again and this time the 2 x 4 was discovered lying at the base of a tree. No other 2 x 4 was found in the area and petitioner, who was present, said that "it looked like" the one he had thrown through his car window.

According to the forensic report from the Hamilton County Medical Examiners Office, the 2 x 4 had no hair or fibers on it. Craig Lahren, the author of the forensic report from the Hamilton County Medical Examiner's Office, presented an affidavit reflecting that he initially looked for blood on the 2 x 4 but had found none. During state post-conviction proceedings a forensic entomologist testified he found no hair, blood, or soft tissue on the board, though he did not believe the blood "would have worked off" or that blood or soft tissue would have been eaten by insects. Nor did the forensic entomologist find plant material though he would have expected to find it, given the length of time the board had supposedly been exposed to the elements.

Trial counsel testified they were aware the 2 x 4 piece of lumber did not contain the victim's blood or hair, but pointed out that it was located where petitioner said he had thrown the 2 x 4 he used on the victim. When reviewing the issue on post-conviction appeal, the Tennessee Supreme Court, though recognizing in hindsight counsel might have explored more fully the serology and the

8

absence of physical evidence on the murder weapon, found no deficient performance concerning defense counsel's investigation of any proof of innocence.

Given that petitioner had confessed to the crime; had voluntarily and knowingly pleaded guilty; and had agreed to his counsel's strategy to accept responsibility for the conduct, focusing instead on evidence to mitigate the crime, the Tennessee Supreme Court concluded no prejudice had been shown. This Court concluded petitioner did not demonstrate the state court decision was contrary to, or involved an unreasonable application of, federal law in light of the evidence presented nor was the state court decision based on an unreasonable determination of the facts.

Jurists of reason would not debate the correctness of this Court's ruling that petitioner failed to demonstrate counsel was ineffective for failing to investigate the 2 x 4 piece of lumber or conclude this claim is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court **DENIES** issuance of a COA with regard to this claim.

### (2) Confessions in Other Cases (Claim 12.g.ii)

This allegation does not relate to the instant case, thus, the district court declined to address his claim. Reasonable jurists would not debate the correctness of the Court's decision declining to address this claim. Thus, a COA will not issue.

### (3) Pulley Confession (Claim 12.g.iii)

Petitioner claims that, during and for hours before his confession, Detective Richard Heck fully briefed him as to the facts in this case. Petitioner contends Detective Heck often referred petitioner to a notebook to assist him when petitioner's memory failed which contained details of the layout of Pulley's room, items found in the house, and the location of the house.

9

The claim contained no factual development and petitioner did not place the facts underlying his claim before the state courts. Petitioner invoked his right against self-incrimination, when called as the state's witness at the post-conviction hearing, and refused to answer questions about the offenses or his post-conviction allegations. Having failed to flesh out his claim with facts, this Court concluded petitioner was relying upon his videotaped confession to supply the missing factual allegations.

In his videotaped confession, petitioner gives a detailed narrative of the evening's events; describes the route he traveled to reach the victim's home; recounts how he surreptitiously approached the victim's house and looked through the window before leaving, only to return later to commit the rape and murder; and identifies the location where he parked his car. Petitioner did not allege nor demonstrate Detective Heck was aware of these facts prior to petitioner divulging them. This Court found nothing in the videotape to support petitioner's allegations that Detective Heck briefed petitioner on the facts of the case resulting in his false confession.

Finding it was entirely reasonable for counsel's actions to be influenced by petitioner's statements, the Tennessee Supreme Court observed that Nichols had given a detailed emotional videotaped confession to the murder and rape of the victim in the instant case, in which petitioner had given a description of the victim's house, his point of entry into the house, the layout of the victim's bedroom, and the circumstances surrounding the rape and murder, including the conversation between the victim and petitioner. The Tennessee Supreme Court determined petitioner failed to present evidence that established trial counsel's performance was deficient and he failed to demonstrate prejudice. In view of petitioner's confession and his various statements of guilt, as well as the lack of any evidence excluding him as the perpetrator, the state court's

application of the *Strickland v. Washington*, 466 U.S. 668 (1984) test, as modified by *Hill v. Lockhart*, 474 U.S. 52 (1985), was not objectively unreasonable and was based upon a reasonable determination of the facts in light of the evidence presented to the state court.

Reasonable jurists would neither conclude that this claim warrants more review nor find this determination, based on petitioner's videotaped confession and in light of the numerous other statements made by Nichols admitting his guilt, debatable or wrong. Accordingly, the Court **DENIES** issuance of a COA on this claim. 28 U.S.C. § 2253; Fed. R. App. P 22(b).

### (4) **Fred Coats (Claim 12.g.iv)**

Petitioner invited the Court to consider facts relating to his conviction in the rape case of S.T. Petitioner's basic argument is that because counsel's investigation was sloppy in the S.T. case, hence, it was sloppy in the instant case. This Court declined to address the claim explaining that counsel's performance is to be judged on the particular facts and circumstances of the conviction under attack, not on the facts underlying a conviction not being challenged.

A COA will not issue on this claim because reasonable jurists would not find this determination debatable or wrong.

### g. **False Confession (Claim 12.h-j)**

As another example of attorney error, petitioner alleges trial counsel failed to investigate the possibility that his confession was false. This Court observed that petitioner was not claiming his confession was false and had never so asserted. Instead, petitioner claims counsel should have challenged his confessions as false because they contained inaccuracies and omissions. Petitioner is attacking trial counsel's trial strategy, claiming trial counsel should have pursued a different strategy – to attack the way law enforcement handled the case, thereby, emphasizing there was

11

reasonable doubt as to his guilt. However, petitioner failed to demonstrate trial counsel's strategic decision was not reasonable sound trial strategy.

Jurists of reason would not debate the correctness of this conclusion or the reasonableness of counsel's strategic decision to proceed with a guilty plea and accept responsibility rather than a reasonable doubt defense. Accordingly, the Court will **DENY** issuance of a COA on this claim.

### (1) Inadequate Investigation (Other Suspects) (Claim 12.I)

Petitioner asserts that Phillip Redwine, Jim Snow, and Fred Coats were suspects that trial counsel failed to adequately investigate (Claim 12.I). During the state post-conviction proceedings, senior trial counsel testified he was fully aware of the "Coats matter." Junior defense counsel stated she had no reason to believe Redwine had raped and murdered the victim in this case. In addition, she had discussed the other suspects with Detective Heck and corroborated the information from him when necessary. The state court concluded that, based upon the record, trial counsel's investigation of other suspects was adequate and not deficient.

Petitioner did not explain what additional evidence counsel would have obtained had they investigated the other suspects rather than depend on Detective Heck's explanation of his investigation of the suspects. Petitioner failed to provide any evidence that would have been revealed by further investigation that demonstrated his confessions were false or that there was reasonable doubt as to his culpability. Thus, petitioner did not show that the state court decision was unreasonable.

This Court concludes reasonable jurists would not find this determination, viewed in the context that petitioner has failed to demonstrate what counsel would have discovered had they investigated the other suspects further, debatable or wrong. In addition, reasonable jurists would

not conclude this claim requires further review.  Accordingly, a COA will not issue on this claim.
28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**(2)  Inadequate Investigation (Physical Evidence) (Claim 12.j)**

Petitioner complains that counsel should have questioned the reliability of his confession
based on the following important facts:  (1) the lack of physical evidence linking him to the instant
crime; (2) the difference in the physical evidence and characteristics of the crime scene and his
description in this statement; (3) the hair and other biological samples that excluded him; and (4)
the two pubic hairs obtained from the victim which matched neither the victim nor petitioner.

The state appellate court determined petitioner failed to demonstrate that the outcome of this
case would have been different had trial counsel defended the case by claiming that his confession
was false and making the various other arguments which petitioner contends would have established
reasonable doubt.  The state appellate court could not "conclude that the juries in these cases would
have agreed that there was reasonable doubt as to his guilt, in light of his detailed confessions,
including the lengthy, detailed, emotional videotaped confession he provided in the Karen Pulley
case." *Nichols v. State*, 2001 WL 55747, at *40 (January 19, 2001).  In addition, the appellate court
applied the "prejudice rule" in *Hill v. Lockhart*, 474 U.S. 52 (1985), and concluded petitioner did
not show that, but for the alleged errors of his trial counsel, he would not have pleaded guilty but
would have insisted on going to trial.

The state court decision was reasonable.  Accordingly, reasonable jurists would not debate
the correctness of this Court's resolution of this claim, and based on petitioner's detailed confession,
they could not debate whether this claim deserves further review.  Accordingly, the Court **DENIES**
issuance of a COA on this claim.

13

### h.  Ineffective Use of Psychological Expert (Claim 12.k)

Petitioner attacks counsel's use of his psychological expert in the S.T. and T.R. cases. Specifically, petitioner contends counsel was ineffective for advising him to plead guilty in these two cases prior to being evaluated by his court-authorized psychologist.

This Court concluded this claim is not cognizable in this habeas proceeding because it attacks counsel's performance in cases not presently before this Court. Jurists of reason would not debate the Court's ruling that this claim is not cognizable in this proceeding. Therefore, a COA will not issue. 28 U.S.C. § 2253; Fed. R. App. P 22(b).

### I.  Illegal Arrest (Claim 12.1)

Petitioner contends trial counsel failed to investigate and properly argue that his arrest was not supported by probable cause since his arrest was based solely on information given by an anonymous caller. Petitioner asserts that he was not identified in a photographic array until after his arrest and his lawyers failed to pursue this claim.

The post-conviction court acknowledged that the record contained ambiguities regarding probable cause since two officers involved in the arrest had given inconsistent statements regarding the timing of the photo identifications. However, the post-conviction court pointed out that one of those officers testified at the post-conviction hearing – the other officer was deceased at the time – and that the petitioner did not question him concerning the issue, thereby passing on the opportunity to clear up the ambiguities. Although lead counsel could not recollect what he did in regard to investigating whether or not there was probable cause to arrest petitioner, he was sure he and junior counsel were convinced there was probable cause to arrest petitioner or they would have attacked the arrest as lacking probable cause. The state court ultimately concluded that, absent proof by

petitioner that the pre-arrest identification had not occurred, he had failed to show prejudice resulting from counsel's failure to assert a probable cause challenge.

Finding evidence in the record which reflects petitioner was identified prior to his arrest and thus, his arrest was based on probable cause, this Court found the state court decisions to be reasonable. Reasonable jurists would not debate the correctness of the district court's ruling that the state court decision that the petitioner's arrest was based on probable cause was reasonable. Reasonable jurists would not conclude that this claim warrants further review. Therefore, the Court will not issue a COA on this claim. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## 2. Ineffective Assistance of Counsel During the Penalty Phase (Claim 13.a)

Petitioner claims counsel was ineffective during the penalty phase of his capital trial. Petitioner contends counsel failed to adequately investigate the circumstances of the case and present a competent mitigation case during the sentencing phase of his trial. Petitioner asserts that rather than present evidence of the abuse he suffered growing up, counsel presented petitioner as a "good boy" and "good Christian." The state courts found that trial counsel identified and supported the relevant mitigating themes. The evidence at both the sentencing hearing and state post-conviction hearing revealed petitioner was raised by an unloving and abusive father, and that the important family members in petitioner's life who showed him love were all taken away from him suddenly. The Supreme Court of Tennessee concluded any evidence at post-conviction which was not cumulative or which may have bolstered the evidence presented at trial would not have affected the jury's determination given the strong evidence supporting the prior violent felonies' aggravating circumstance.

This conclusion was neither contrary to, nor an unreasonable application of, Supreme Court precedent. In addition, the state court decision was not based upon an unreasonable determination of the facts. Reasonable jurists would not disagree with the Court's resolution of his claim and would not conclude this claim warrants further review. Therefore, the Court will not issue a COA with respect to this claim. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### 3. Prosecutorial Misconduct (Claim 13.b)

Petitioner, relying upon *State v. Bigbee,* 855 S.W.2d 797 (Tenn. 1994), claimed counsel was ineffective for failing to object to the alleged instance of prosecutorial misconduct when the prosecutor questioned petitioner about the specific facts of the convictions used as aggravating circumstances. The prosecutor, during the penalty phase, elicited acknowledgment from petitioner about the facts of certain cases used as aggravators. Specifically, petitioner acknowledged raping a female at knife-point; raping another female, using an electrical cord; raping one lady twice; and raping another young girl using a knife and pistol. The state court concluded that trial counsel could not be considered ineffective for failing to object to a violation of the holding in *State v. Bigbee* since the case had not been decided at the time of petitioner's sentencing. This Court concluded petitioner failed to demonstrate the state court adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts.

Jurists of reason would not debate the Court's conclusion regarding this claim or conclude this claim warrants further review. Therefore, the Court **DENIES** a COA as to this issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

4.    **Failure to Request Jury Instructions and
      Object to Improper Instructions (Claim 13.c)**

Petitioner makes two claims regarding the jury instructions.  First, he claims trial counsel was ineffective for failing to request instructions.  Second, he contends counsel was ineffective for failing to object to the trial court's improper instructions.  The Court will address these two claims separately.

a.    **Failure to Request Jury Instruction**

Petitioner complains that trial counsel failed to request that the jury be provided a definition of mitigation and an instruction regarding the weight to be given to mitigating evidence.  In addition, petitioner contends counsel should have requested instructions on his youthfulness and substantial mental impairment pursuant to Tenn. Code Ann. § 39-13-204(j)(7), in addition to other non-statutory mitigating factors.

The state appellate court determined an instruction on the definition of mitigation and the weight to be given mitigating circumstances was not required.  As to the claim that trial counsel failed to request a jury instruction regarding statutory mitigating factors of youthfulness and substantial mental impairment, the appellate court concluded the record did not support an instruction on the mitigating circumstance of the youthfulness of the petitioner as he was a 28-year-old high school graduate who had served in the military.  Additionally, the record reflects the trial court *did* charge the jury on the statutory mitigating circumstance regarding substantial mental impairment; and at the time to trial, the trial court was not required to charge the jury on specific non-statutory mitigating circumstances.

This Court concluded the state court did not unreasonably apply Supreme Court precedent in concluding petitioner's counsel performed adequately.  Reasonable jurists would not debate this

17

determination or conclude that further review of this claim is warranted.  Accordingly, a COA will not issue as to this claim.

### b.     Improper Unanimity Instruction

Petitioner claims trial counsel was deficient for failing to object to the state court's unanimity instruction (the verdict must be unanimous and each juror must sign his or her name beneath the verdict).  Petitioner also claims the trial court's instructions raised the constitutionally unacceptable specter that petitioner's death sentence resulted from a juror's misapprehension about the results of a hung jury.  Petitioner failed to demonstrate trial counsel was ineffective for failing to object to the unanimity instruction and failed to demonstrate the trial court was constitutionally required to instruct the jury as to the consequences of a breakdown in the deliberation process.  Since petitioner failed to demonstrate the state court decision was contrary to, or an unreasonable application of, clearly established federal law, this Court concluded he was not entitled to habeas relief.

No jurists of reason would find the Court's conclusion debatable or conclude the claim warrants further review.  Accordingly, a COA will not issue with regard to this claim.

### 5.     Counsel's Failure to Argue Against Disclosure of Psychologist's Notes (Claim 13.d)

Petitioner withdrew this claim.  Accordingly, a COA will not issue.

### 6.     Counsel's Direction of Investigation of Mitigation (Claim 13.e)

Petitioner attacked counsel's performance alleging counsel failed to provide direction and focus with respect to the investigation of mitigation evidence. This Court made alternate findings. First, the Court found petitioner failed to set forth facts supporting his claim and secondly, that the claim was procedurally defaulted.  However, the Court analyzed the claim and found that petitioner's expert provided the same basic testimony as petitioner's post-conviction expert, and

petitioner failed to present Dr. Engum during state post-conviction proceedings to testify regarding this claim. Thus, the Court rejected petitioner's claim.

Regardless of whether this claim is properly before the Court, reasonable jurists would not debate the correctness of the above rulings or find this claim warrants further review. Accordingly, a COA will not issue on this claim.

### 7. <u>**Cumulative Error (Claim 14)**</u>

Petitioner claimed he was denied due process by the accumulation of errors by trial counsel. The Tennessee Supreme Court determined petitioner failed to establish any individual errors and, therefore, concluded there was no accumulative effect of errors. This Court concluded the state court decision was reasonable.

Reasonable jurists would not debate the correctness of this ruling or conclude this claim required further review. Accordingly, a COA will not issue on this claim.

### 8. <u>**Arbitrary and Invalid Death Sentence (Claims 15, 20, 21(g), and 25)**</u>

Petitioner has raised several claims concerning the manner in which the death sentence was imposed. The Court addressed the four claims separately and will do so below.

#### a. <u>**Failure to Declare a Mistrial (Claim 15)**</u>

Petitioner challenges the trial court's decision not to declare a mistrial after the jury returned with a verdict of death based on four non-statutory aggravating circumstances. Petitioner did not demonstrate that the trial court's decision to send the jury back to correct their verdict was contrary to, or an unreasonable application of, federal law, or that the state court decision was based on an unreasonable determination of the facts. Thus, the Court granted respondent's motion to dismiss on this claim.

The Court **GRANTS** a COA because jurists of reason could debate this claim.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### b.    Court Erroneously Refused to Re-charge Jury on Mitigating Circumstances (Claim 21 (g))

Petitioner contends his capital sentencing proceeding violated the United States Constitution Eighth Amendment when the trial court re-instructed the jury to correct an invalid verdict without re-instructing the jury on mitigating factors.  However, the subsequent polling of the jury revealed the initial verdict was a constitutional verdict even though the jury wrote non-statutory aggravating circumstances on the verdict form.  This Court concluded petitioner failed to demonstrate the trial court's failure to re-instruct on mitigating circumstances was so prejudicial that his conviction violates due process, thus he was unable to demonstrate the state court decision was unreasonable.

The Court **GRANTS** a COA because reasonable jurists could debate this claim.

### c.    Polling of Jury (Claim 25)

Petitioner maintains that the trial court improperly polled the jury by misstating the applicable requirements of the law in violation of the Sixth, Eighth, and Fourteenth Amendments. Petitioner claims the trial court failed to properly poll all the jurors regarding their findings of the mitigating factors and the death sentence.  The state court determined the trial court made critical inquiries and provided adequate support for the conclusion that the initial verdict was valid.

Petitioner did not demonstrate that the state court's determination was based on an unreasonable determination of the facts nor did he demonstrate that the decision was contrary to, or an unreasonable application of, clearly established federal law.  This claim can be debated by reasonable jurists.  Thus a COA is **GRANTED**.

### d.    *Middlebrooks'* Error (Claim 20)

20

Petitioner contends he was sentenced on an unconstitutional felony-murder aggravating circumstance and any "weighing calculus" undertaken by the jury occurred with undue consideration given to this unconstitutional aggravating circumstance. *State v. Middlebrooks,* 840 S.W. 2d 317 (Tenn. 1992). The Tennessee Supreme Court applied the harmless error test and concluded the sentence would have been the same had the jury given no weight to the invalid felony-murder aggravating circumstance. The Tennessee Supreme Court's harmless error analysis was not contrary to clearly established Supreme Court precedent.

It was not unreasonable for the Tennessee Supreme Court to determine that the jury's verdict in this case would have been the same had it not considered the felony-murder aggravating factor. Reasonable jurists could debate this claim, thus, a COA will issue.

### 9. Objection to Evidence (Claim 16)

Petitioner, having pled guilty to all charges, avers that the trial court erred when it permitted the State to put on its entire case-in-chief during the sentencing phase. The state supreme court determined the State was permitted, pursuant to Tenn. Code Ann. § 39-13-203(c), to introduce the challenged evidence. Petitioner has not demonstrated that the state court decision was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts.

Reasonable jurists would not debate this claim or the Court's resolution of this claim. Accordingly, a COA will not issue.

### 10. Discovery of Expert's Notes and Memorandum (Claim 17)

Petitioner contends the trial court violated his constitutional rights when it ordered him to release to the State personal notes and writings made by petitioner's expert psychologist, in violation

of Rule 16 of the Tennessee Rules of Criminal Procedure, thus depriving him of effective assistance of counsel. Petitioner did not raise this claim on direct appeal, thus it is procedurally defaulted.

This Court alternatively determined that the state court's conclusion preventing petitioner from arguing the work-product doctrine to sustain a unilateral testimonial use of work product was not contrary to, nor an unreasonable application of, federal law. The state court's determination that the memoranda memorializing the petitioner's interview was discoverable and was not contrary to, or an unreasonable application of, federal law nor an unreasonable determination of the facts.

Reasonable jurists would not debate the Court's procedural ruling but they could debate the claim, thus warranting further review. Accordingly, the Court **GRANTS** issuance of a COA on this claim.

11.     **Prosecutorial Misconduct (Claim 18)**

Petitioner makes two claims under this section.  First, petitioner contends the prosecutor

informed the jury that a life sentence, if given to petitioner, would not in fact be a life sentence.[3]

Petitioner did not demonstrate that the Tennessee Supreme Court's decision denying petitioner relief

on this claim was contrary to, or an unreasonable application of, federal law, or an unreasonable

determination of the facts.  The Court's decision, nor the issue, is debatable among jurists of reason.

Petitioner's second claim is that the prosecutor was guilty of misconduct when he allegedly

brandished, in a chopping manner, the alleged murder weapon, a 2 x 4 piece of lumber, during

closing argument.  Petitioner did not fairly present this claim in state court, thus, this claim is

procedurally defaulted.  The Court alternatively concluded that even if the prosecutor brandished

the 2 x 4, there is no evidence indicating that action deprived petitioner of his right to a fair trial.

---

[3]     Petitioner supports this claim with the following argument made by the prosecutor:

> But what do you do, what do you do with a man who's perpetrated that kind of crime?  What do you do with a man who's committed senseless murder, and after he does it, instead of being remorseful, he rapes other women?  What do you do with him?  He's been in the penitentiary.  He got a five year sentence in '84 and he served eighteen months.  What do you do with him?  What's left?  But I ask you to do this, ladies and gentlemen.  And you heard the psychologist say that if he's out he'll do it again.  He even admitted, 'Mr. Nichols, if you hadn't been arrested January the 5th, 1989, you would still be out there committing rapes,' and he said yes.
>
> Ladies and gentlemen, justice is doing what you have to do to make sure that Harold Wayne Nichols never rapes again and that he never murders again, whatever it takes.  Thank you.

[Court File No. 43, Addendum No. 5, Vol. 24, at 511-12; Court File No. 50, Addendum No. 6,

Vol. 1 at 32].

The Court will not issue a COA because jurists of reason would not debate whether the Court's procedural ruling is correct, nor would reasonable jurist debate this claim. 28 U.S.C. § 2253; Fed. R. Civ. P. 22(b).

**12.    Change of Venue (Claim 19)**

Petitioner contends his constitutional rights were violated when the trial court granted his motion for change of venue and ordered a Sumner County, Tennessee jury to hear the case in Hamilton County. This Court concluded the claim is not one of constitutional dimensions. Once petitioner filed for a change of venue, he relinquished his right to be tried by a jury from the district where the crime occurred; and there is no provision in the Constitution mandating a trial in the county where the jury is selected. Therefore, petitioner did not demonstrate that the state court unreasonably determined the facts or unreasonably applied the governing legal principles of clearly established federal law to the facts of this case.

Jurists of reason would not disagree with the resolution of this claim and could not conclude that this claim is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**13.    Unconstitutional Jury Instructions (Claim 21)**

Petitioner contends his death sentence violates his constitutional rights because his jury was provided unconstitutional and statutorily inadequate jury instructions. Petitioner raises several claims which the Court will address individually.

24

### a.  Reasonable Doubt Jury Instruction (Claim 21.a)

Petitioner asserts that the trial court failed to properly instruct the jury as to the definition of reasonable doubt.  According to petitioner, the instruction permitted a reasonable juror to interpret the instruction to permit a finding of guilt based upon a degree of proof below that required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Petitioner specifically contends that the state court equated the requisite degree of proof to such proof as would allow the mind to rest easily upon the certainty of the juror's verdict and to a moral certainty rather than to an evidentiary certainty.

On direct appeal the Tennessee Supreme Court determined that, unlike the unconstitutional instruction in *Cage v. Louisiana*, 498 U.S. 39 (1990), which equated reasonable doubt with "grave uncertainty" or "actual substantial doubt," the instant instruction used the phrase "moral certainty" by itself and was, therefore, insufficient to invalidate an instruction on the meaning of reasonable doubt.  The state court observed that the *Cage* instruction required the jury to have an extremely high degree of doubt before acquitting a defendant, but the petitioner's instruction did not require "grave uncertainty" to support acquittal.

This Court concluded the state court's decision approving this instruction was not contrary to, nor an unreasonable application of, clearly established Supreme Court jurisprudence and is without merit.  Jurists of reason would not debate whether the reasonable doubt jury instruction was unconstitutional and would not debate the Court's ruling on this claim.  Therefore, the Court will **DENY** issuance of a COA on this claim.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### b.      Presumption of No Aggravating Circumstance (Claim 21.b)

Petitioner complains that the trial court failed to instruct the jury that it must presume there are no aggravating circumstances. Concluding that there is no constitutional mandate requiring such an instruction, the Court concluded the state court decision was not unreasonable.

Jurists of reason would not debate whether the trial court was required to instruct the jury that it must presume there are no aggravating circumstances. Consequently, reasonable jurists would not debate the Court's resolution of this claim. A COA will not issue on this claim. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### c.      Non-Statutory Mitigating Factors (Claim 21.c)

Petitioner contends the trial court's failure to instruct the jury on non-statutory mitigating factors violated *Lockett v. Ohio*, 438 U.S. 586 (1978), which held that a death penalty statute must not preclude consideration of relevant mitigating factors. The Tennessee Supreme Court concluded the trial court's mitigating instructions were constitutional and complied with *Lockett v. Ohio*, 438 U.S. 586 (1978), and observed that petitioner, although given the opportunity to offer specific jury instructions, did not submit any specific mitigating instructions.

This Court concluded the state court conclusion was neither contrary to, nor an unreasonable application of, *Lockett*. Because reasonable jurist would not debate whether the trial court's mitigating jury instructions would violate *Lockett*, and reasonable jurists would not debate this Court's resolution of this issue, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### d.    <u>Unanimous Finding of Mitigating Circumstances (Claim 21.d)</u>

Petitioner contends the trial court's instructions could have led the jury to conclude they were precluded from considering any mitigating evidence in the absence of unanimity. The jury instruction in petitioner's case required unanimity as it related to aggravating circumstances, but did not require unanimity as it related to mitigating circumstances. Reasoning that the only reasonable reading of the instructions is that, by omission, unanimity is not required as to the mitigating factors and instructions, the Court concluded the instruction was constitutional.

Finding that petitioner did not demonstrate the state court decision was based on an unreasonable determination of the facts or was contrary to, or an unreasonable application of, federal law, the Court denied habeas relief. Reasonable jurists would not debate whether the jury instructions could have led the jury to conclude they were precluded from considering any mitigating evidence in the absence of unanimity. Additionally, reasonable jurists would not debate the Court's ruling on this claim. Accordingly, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### e.    <u>Elements of Underlying Felony Aggravating Circumstance (Claim 21.e)</u>

Petitioner contends the trial court failed to charge the jury as to the elements of the crime of rape, but rather charged the jury as to the elements of aggravated rape – which did not contain a definition of rape – and the elements of burglary. The State relied upon the aggravating circumstance that the murder was committed while petitioner was committing a rape. Although the trial court failed to instruct the jury on the statutory definition of rape, it did instruct the jury on the elements of aggravated rape in connection with its instruction on felony murder.

This Court concluded petitioner's guilty plea to the underlying felony of aggravated rape appeared to resolve the controversy. However, the Court determined the claim was resolved because the Tennessee Supreme Court found the use of the felony-murder aggravating circumstance unconstitutional, but determined the death sentence was supported by the petitioner's previous convictions for more than one felony involving violence. Petitioner did not demonstrate that the state court decision was unreasonable, thus, he was denied habeas relief.

No reasonable jurists could disagree with the resolution of this claim or conclude that the claim is "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### f. Failure of Trial Court to Instruct the Jury of its Role as Both Trier of Fact and Law (Claim 21.f)

Petitioner contends the trial court failed to instruct the jury of its role as both trier of fact and law. Although petitioner raised this claim on direct appeal on the basis of state law and as a state constitutional violation, the Court found the claim to be without merit because the trial judge instructed the jury that it was the sole judges of the facts and of the law as it applies to the facts in the case. This Court concluded the claim was procedurally defaulted. The Court alternatively found the petitioner failed to demonstrate the state court decision was contrary to, or based upon an unreasonable application of, federal law.

Jurists of reason would not debate whether the Court's procedural ruling is correct. As to the Court's alternative ruling, jurists of reason would not debate whether the trial court failed to instruct the jury as to its role as both trier of fact and law or this Court's resolution of this claim. Accordingly, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

28

### g.  Cumulative Error (Claim 21.h)

Petitioner claims that the cumulative error of all the alleged erroneous jury instructions render his sentencing hearing fundamentally unfair.  The cumulative error claim was neither raised nor denied on the merits.  Nevertheless, the Tennessee Supreme Court found no reversible error as to any of the challenged jury instructions and this Court concluded that finding by the state court was not unreasonable.  Thus, petitioner was unable to prove his cumulative error claim.

Reasonable jurists would not debate this claim or the Court's resolution of this claim.  Accordingly, the Court will not issue a COA.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### 14.  Videotaped Confession (Claim 22)

Petitioner claims his videotaped confession was taken after he was refused counsel and under coercive circumstances, rendering his confession untrustworthy.  In addition, petitioner asserts that his statement was irrelevant as to the issues before the jury during the penalty phase.  The trial court credited the testimony of law enforcement who disputed petitioner's claim that he requested an attorney.  The videotaped confession revealed the interrogating officer read petitioner his warnings pursuant to with *Miranda v. Arizona*, 384 U.S. 436 (1966), and petitioner waived those rights, thus the state court concluded the confession was voluntary and admissible.  The Supreme Court of Tennessee also concluded the videotaped confession was properly admitted because it was relevant to sentencing since it included a full description of the nature and circumstances of the crime.  This Court concluded the state court decision was reasonable.

Reasonable jurists would not debate the resolution of this claim or conclude the claim is sufficient to require further proceedings.  The Court **DENIES** petitioner a COA on this claim.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

29

**15.**     <u>Chronological Order of Trials (Claim 23) and Prior Convictions (Claim 28)</u>

Petitioner raised two somewhat related claims which the Court will address in this section. First, petitioner challenges the order in which his cases were tried. Second, petitioner challenges the use of his prior convictions as aggravating circumstances claiming they were not final because judgments had not been entered. These two claims will be addressed separately.

**a.**     <u>Chronological Order (Claim 23)</u>

Petitioner alleges his Equal Protection and Due Process Rights were violated when his murder trial was conducted out of chronological order. The murder of the victim in the instant case occurred on September 29, 1988, sometime prior to the other felonies which were used as aggravating circumstances in this case. Relying upon two state cases,[4] the Tennessee Supreme Court found that the order in which the crimes were actually committed is irrelevant so long as the convictions had been entered before the sentencing hearing. The state court found that prosecutorial discretion of this nature under these circumstances did not offend the Eighth Amendment. Petitioner did not identify any Supreme Court precedent finding such actions to be unconstitutional and this Court concluded the state court decision was not contrary to, or an unreasonable application of, clearly established federal law.

Because the Court believes jurists of reason might question whether the prosecutor is permitted to engineer the order of the trials to the State's advantage at sentencing, the Court **GRANTS** a COA on this claim.

---

[4]     *State v. Caldwell*, 671 S.W.2d 459, 464-465 (Tenn. 1984); *cf. State v. Teague*, 680 S.W. 2d 785, 790 (Tenn. 1984) (conviction occurring after first capital sentencing hearing but before sentencing hearing on remand could be used to establish the prior violent felony conviction aggravating circumstance).

### b.     <u>Prior Convictions (Claim 28)</u>

Petitioner also challenges the use of his prior convictions as an aggravating circumstance, without asserting a constitutional violation, claiming they were not final convictions because final judgments had not been entered. This Court concluded the claim was procedurally defaulted because petitioner failed to raise this claim in state court as a constitutional issue. Alternatively, the Court found petitioner failed to demonstrate the state court decision was unreasonable or contrary to federal law.

Reasonable jurists would not debate this Court's procedural ruling but could debate the underlying claim. Accordingly, issuance of a COA is **GRANTED**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### 16.     <u>1984 Convictions (Claim 24)</u>

Petitioner challenges the constitutionality of his 1984 convictions being admitted into evidence. Petitioner raised this claim in state court as an error of state law. Therefore, this Court concluded this claim was procedurally defaulted, but alternatively found the state court decision was not contrary to federal law or unreasonable.

Jurists of reason would not debate the Court's procedural ruling or the alternate ruling. Accordingly, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

31

### 17. Unconstitutionality of Tennessee's Death Penalty Statute (Claim 26)

Petitioner contends the Tennessee death penalty statute violates the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution for nine different reasons. The Court concluded this claim was procedurally defaulted because it was not raised in state court.

Reasonable jurists would not debate this Court's procedural ruling. Accordingly no COA will issue on this claim. 28 U.S.C. § 2253; Fed.R. App. P. 22(b).

### 18. Notice of Prior Conviction in Case 175433 as Aggravating Circumstance (Claim 27)

Petitioner maintains his constitutional rights were violated when the trial court permitted the prosecutor to rely upon his conviction for aggravated rape in case number 175433 as an aggravating circumstance because the State's notice of aggravating circumstances did not include case number 175433.

Prior to trial, the State filed its notice of aggravating circumstances and the notice included a prior conviction of aggravated rape, case number 175487, on October 24, 1989, in Division I of Hamilton County Criminal Court. On the day of his guilty plea and sentencing hearing in the instant case, petitioner objected to the use of case number 175487 as an aggravating circumstance because the State had dismissed that case. The prosecutor indicated that case number 175433 was dismissed, but upon review of his file the prosecutor determined that case number 175433, charging aggravated rape by anal intercourse, was in fact the indictment to which petitioner pleaded guilty; and petitioner's case number 175487 charging aggravated rape by vaginal intercourse of the same victim had in fact been dismissed. The prosecutor argued the notice which provided the correct charge of aggravated rape, the correct date upon which he pleaded guilty, and the correct court in which Nichols entered the guilty plea was sufficient notice of the prior felony conviction since petitioner

knew the crime to which he pleaded guilty [Court File No. 41, Addendum No. 5, Vol. 21, at 47-52]. The trial court, denying petitioner's challenge, observed that petitioner and counsel knew which case he pleaded guilty to on that date and the incorrect docket number did not deny him proper notice of the prior conviction to be used as an aggravating circumstance [*Id*. at 53].

The Tennessee Supreme Court determined petitioner was aware that he had pleaded guilty to aggravated rape on October 24, 1989, and was not misled or prejudiced by the State's error. This Court concluded that the state court decision was neither contrary to federal law nor unreasonable.

Reasonable jurists would not disagree with the resolution of this claim and they could not find this claim is adequate for further review. Accordingly, a COA will not issue as to this claim. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

20.   **Newly Discovered Evidence (Claim 29)**

Petitioner contends the trial court erred in denying his motion for new trial. After trial, petitioner's counsel received allegedly new information from an anonymous male source relating to abuse of the defendant by his father. The state court determined the newly discovered evidence would not likely change the result of the trial.

This Court concluded the state court decision was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of, Supreme Court precedent. Reasonable jurists would not debate the Court's resolution of this claim, nor would reasonable jurists conclude the claim warrants further review. Accordingly, a COA will not issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

33

### 21. *Caldwell* **Error (Claim 30)**

Petitioner alleges that in violation of his rights under the Eighth Amendment to the United States Constitution, the imposition of his death sentence is error because the prosecutor presented arguments that implied the decision was not final, minimized the jury's role in sentencing, and diminished the collective sense of responsibility, in violation of United States Supreme Court precedent. Specifically, petitioner contends the prosecutor minimized the jury's role in the case by referring to himself as the "bad guy" who sought the punishment of death against petitioner, implying that it was the State of Tennessee which chose the penalty.

This Court concluded petitioner procedurally defaulted this claim except to the extent he alleged the prosecutor's statement, that it was the people of Tennessee who asked that the death penalty be the punishment in Tennessee, minimized the jury's role and diminished its collective sense of responsibility in violation of *Caldwell v. Mississippi*, 472 U.S. 320 (1985). As to the claim properly before it, the Court found that the state court's adjudication of this claim was neither contrary to, nor an unreasonable application of, existing Supreme Court precedent.

Reasonable jurists would not debate this Court's procedural ruling or resolution of this claim. Additionally, reasonable jurists would not conclude the claim warrants further review. Accordingly, a COA will not issue. 28 U.S.C. ?1 2253; Fed. R. App. P. 22(b).

### 22. **Cumulative Error (Claim 31)**

Petitioner presents a cumulative error claim ( "The accumulation of errors which occurred before, during, and after Mr. Nichols' state capital proceedings constitute a fundamental denial of due process of law"). The state court determined any errors were harmless beyond a reasonable doubt. Finding that petitioner did not demonstrate the combined effect of individually harmless

34

errors was so prejudicial as to render his trial fundamentally unfair or his sentence and conviction unreliable, this Court concluded the alleged  non-reversible errors do not demonstrate that an injustice has been done, resulting in a fundamentally unfair proceeding.  Therefore, the Court concluded the state court decision was neither contrary to, nor an unreasonable application of Supreme Court precedent.

Reasonable jurists would not disagree with the resolution of this claim and would not conclude that this claim requires further review.  Consequently, the Court will **DENY** issuance of a COA.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### 23.    **Actual Innocent Claim (Claim 32)**

Petitioner filed a motion to withdraw his actual innocence claim which the Court granted.

## B.    **CONCLUSION**

The Supreme Court has often stated that death cases are different and the Eighth Amendment requires procedures to ensure heightened reliability when the death sentence is imposed.  *See Lockett v. Ohio*, 438 U.S. 586, 604 (1978) ("We are satisfied that this qualitative difference between death and other penalties call for a greater degree of reliability when the death sentence is imposed."); *also see Monge v. California*, 524 U.S. 721 (1998) ("Because the death penalty is unique 'in both its severity and its finality,' we have recognized an acute need for reliability in capital sentencing proceedings").  The Court assessed each of petitioner's claims while recognizing the need for heightened reliability in capital cases, and for all of the reasons contained in this judgment, a COA will issue only to the claims previously identified in this judgment relating to Nichols' attack on the initial jury verdict; the re-charging of the jury; the polling of the jury; the order in which the cases

were tried; and the reliance upon prior convictions, that had not been entered as judgments of convictions, as aggravating circumstances for the death penalty.

Petitioner's execution was previously stayed pending resolution of his habeas petition. This **STAY WILL BE EXTENDED AND REMAIN IN EFFECT** pending any appeal.

SO ORDERED.

ENTER this the 25th day of July, 2006.


_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE



ENTERED AS A JUDGMENT
_____s/ *Patricia L. McNutt*_____
CLERK OF COURT

36